BENÍTEZ FLORES, TERCERISTA, DEMANDANTE Y APELADO, *v.* THE BORINQUEN TRADING CORPORATION ET AL., DEMANDADOS Y APELANTE LA PRIMERA.

No. 3006.—*Visto:* Abril 29, 1924.   *Resuelto:* Julio 9, 1924.

APELACIÓN—PREPARACIÓN DE LA TRANSCRIPCIÓN—PRESUNCIÓN DE SER CORRECTAS LAS RESOLUCIONES JUDICIALES.—Habiendo el apelante imputado a la corte error ''al no resolver la cuestión jurisdiccional de no haberse citado todas las partes en la acción principal,'' debió hacer constar las circunstancias concurrentes en un pliego o en una exposición del caso preparado, aprobado y archivado de acuerdo con la ley.   Nada constando en contrario de los autos y habiendo la corte entrado a conocer y a decidir el litigio, debe presumirse que resolvió la cuestión planteada, teniendo su resolución la presunción de justa.

PREFERENCIA DE CRÉDITOS SOBRE BIENES MUEBLES.—El vendedor de bienes muebles no tiene derecho a embargar, invocando la preferencia a que se refiere

el artículo 1823 del Código Civil, los bienes vendidos cuando a su vez el comprador los vendió a otra persona y ésta los tiene en su poder aún asumiendo que no hubiera pagado su precio totalmente.

Alegatos—Abogados.—Los abogados en sus alegatos deben circunscribirse a la defensa de los derechos de sus clientes, sin penetrar innecesaria y apasionadamente en el terreno personal.

Sentencia de *M. Rodríguez Serra,* J. (San Juan, Distrito Segundo), en una acción de tercería de bienes, declarando con lugar la demanda, con costas. *Confirmada.*

*Soto Gras & Siaca,* abogados de la apelante; El apelado compareció en nombre propio.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

The Borinquen Trading Corporation demandó a los herederos desconocidos de Octavio García Salgado en cobro de mil quinientos dólares, resto del precio de un automóvil vendido por la demandante al causante de los demandados.

Para asegurar la efectividad de la sentencia que pudiera dictarse, se embargó el automóvil vendido, y entonces Manuel Benítez Flores presentó una demanda de tercería alegando que el automóvil embargado era de su propiedad por haberlo comprado a Octavio García Salgado a quien pagó su precio.

Tramitóse el juicio de tercería y finalmente la corte dictó sentencia a favor del tercerista. No conforme The Borinquen Trading Corporation apeló, señalando en su alegato dos errores, así:

"1. La corte erró al no resolver la cuestión jurisdiccional de no haberse citado todas las partes en la acción principal.

"2. La corte erró al no resolver la defensa única de la apelante de que el demandado sabía que el automóvil fué vendido por la apelante a plazos y que parte del precio estaba insoluto y por tanto viene obligado al pago del precio aplazado y además el apelado se obligó directamente a su pago."

Para sostener su primer señalamiento de error, cita la apelante la sección 11 de la Ley de Tercerías que dispone que ". . . . serán siempre partes en el asunto las que lo

fueren en el que haya originado la tercería," y la sección 13 que prescribe que "los procedimientos y prácticas en el juicio, se acomodarán, hasta donde fuere posible, a las reglas del enjuiciamiento civil vigente en Puerto Rico," (secs. 5270, 5272 Comp. 1911, p. 890), y alega que una de las partes en el pleito principal no fué debidamente citada, motivo por el cual la demanda de tercería debió y debe desestimarse de plano.

De la transcripción aparece que al archivarse la demanda de tercería se expidió por el secretario de la corte un emplazamiento a las partes en el litigio que fué diligenciado en las personas del "Dr. Don Rafael Bernabe y de Don Ramón H. Delgado, Presidente de la Borinquen Trading Corporation." Nada más consta. La cuestión fué suscitada en la corte inferior y resuelta implícitamente por la corte en contra de la Borinquen Trading Corporation. Si ésta quería insistir en apelación, debió hacer constar todas las circunstancias concurrentes en un pliego o en una exposición del caso preparado, aprobado y archivado de acuerdo con la ley. No habiéndolo hecho, debe presumirse justa la resolución de la corte de distrito, ya que mientras no se demuestre lo contrario, debe tenerse al Dr. Bernabe emplazado, como representante de los herederos demandados. No debe perderse de vista que se trata de una segunda citación a partes sobre las cuales ya la corte había adquirido jurisdicción y que la sección once de la Ley de Tercerías invocada por la apelante, dice:

"Sec. 11.—Tan pronto como recibiere el Secretario de la Corte el juramento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieran las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería." Leyes de 1908, p. 49, (sec. 5270 Comp. 1911, p. 890).

En su alegato la parte apelada transcribe el primer em-

plazamiento,—el de la demanda en cobro de dinero—, y su diligenciado, en apoyo de su contención de que no se cometió el error señalado, pero no podemos tomar en consideración dichos documentos por no haber sido archivados en esta corte de acuerdo con la ley.

El estudio del segundo error requiere la interpretación del artículo 1823 del Código Civil en el cual la parte apelante reconoce que funda su derecho.

Dicho artículo dice:

"Art. 1823.—Con relación a determinados bienes muebles del deudor, gozan de preferencia:

"1º Los créditos por construcción, reparación, conservación o precio de venta de bienes muebles que estén en poder del deudor, hasta donde alcance el valor de los mismos."

*     *     *     *     *     *     *

La parte apelante sostiene que el anterior precepto legal es igual a la doctrina que impera en los Estados Unidos en aquellos Estados en que rige el derecho civil y que aparece resumida en R.C.L., así:

"Bajo el derecho civil, que es reconocido en Louisiana, el vendedor de propiedad personal mueble tiene un gravamen por el precio en caso de una venta a crédito, mientras la propiedad esté en poder del comprador." 24 R.C.L. 126.

Y concluye que habiendo vendido la Borinquen Trading Corporation el automóvil de que se trata a Octavio García Salgado, a plazos, y constándole tal hecho al tercerista Benítez Flores, existe un gravamen sobre el automóvil a favor de la Borinquen Trading Corporation para cobrar el precio de la venta.

Basta examinar las palabras usadas por el legislador puertorriqueño, para desechar la conclusión de la apelante. Dice la ley: "Con relación a determinados bienes muebles *del deudor*," y vuelve a decir la ley: "Los créditos por . . . . precio de venta de bienes muebles *que estén en poder del deudor*." ¿Pertenecía en este caso al deudor García Salgado el automóvil, o estaba en su poder? No, puesto que

lo había vendido a otra persona, Manuel Benítez Flores, que al tiempo del embargo lo tenía en su posesión, usándolo y manejándolo él mismo. Luego, no tiene aplicación la ley.

No obstante plantear el debate en la forma en que aparece en su segundo y último error, la apelante entra en el análisis de la prueba y sostiene que no demuestra que el tercerista llegara a pagar totalmente el precio de la venta. Si la venta existió quedando plenamente consumada, nada importaría que se debiera parte del precio. Podría embargarse el crédito que tuviera el deudor, pero no el automóvil. A virtud de la venta el automóvil había dejado de pertenecer al deudor. No equipara nuestra ley la preferencia que establece en su artículo 1823 en casos de determinados bienes muebles, con la hipoteca que pesa sobre bienes inmuebles que los sigue cualesquiera que sean las transferencias de dominio que tengan lugar en relación con los mismos, "como la sombra al cuerpo."

A virtud de todo lo expuesto, habiendo en consideración las alegaciones y las pruebas y la apreciación que de éstas hizo la corte sentenciadora, procede *declarar sin lugar* el recurso y *confirmar* en todas sus partes la sentencia apelada.

Resta ahora decir algo con respecto a una moción de la parte apelante para que se elimine del récord el alegato de la parte apelada y a otra moción de la parte apelada para que se elimine la moción de la apelante a que acabamos de referirnos.

Ha sido éste un pleito y un recurso tramitados con mucho encono. No sólo en el alegato del tercerista apelado, si que también en el alegato de la parte apelante se emplean argumentos y palabras de índole personal completamente innecesarios, en forma más abierta y violenta en el alegato del apelado, de modo más vedado, pero no por ello menos fuerte, en el alegato de la apelante.

Atendidas todas las circunstancias concurrentes, creemos que no procede decretar las eliminaciones solicitadas, limitándonos a censurar cualquier desviación de las buenas prác-

ticas que consisten en circunscribirse a los hechos, y a la ley, sin penetrar innecesaria y apasionadamente en el terreno personal.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.