CELIA OLMEDO WOODS, demandante y apelada, *v.* ROMUALDO RIVERA, PABLO MELÉNDEZ y PHILIP EL KOURY, demandados y apelantes.

Núm. 8363.—*Sometido:* Mayo 26, 1941. *Resuelto:* Mayo 29, 1941.

*E. Martínez Rivera,* abogado de los apelantes; *Miguel Olmedo Toste,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 18 de abril de 1941 la demandante apelada radicó una moción solicitando la desestimación de la apelación en este caso, la que notificó a los demandados apelantes en la misma fecha y fué señalada para ser vista el día 26 de mayo último.

El mismo día de la vista los apelantes radicaron una moción "para que se ordene desglose de escrito de la apelada y eliminación de materia impropia." Oídas las partes en cuanto a esta moción suspendimos la vista de la otra sobre desestimación.

Lo que los apelantes solicitan sea eliminado son dos párrafos de la moción de la apelada que leen así:

"Que en el entretanto, después de celebrada la vista en la corte inferior el 27 de enero, 1941, pero antes que el Hon. Juez Jorge L. Córdova, dictara su sentencia, el demandado Philip El Koury, por conducto de su abogado E. Martínez Rivera, radicó en la Secretaría de la Corte, sin notificar a la demandante, o su abogado,—y en forma tan subrepticia y colusoria que pudo lograr del Secretario que prescindiera de la práctica establecida de notificar a la otra parte la resolución de la corte,—una moción en la que, sin respeto debido a la corte, consignó la falsedad de que 'la corte había dictado sentencia en este caso declarando sin lugar la demanda en todas sus partes, que esta sentencia era firme, y que procedía la cancelación de *lis pendens* anotado en los libros del Registro de la Propiedad.'

"A esta moción, el juez Hon. R. La Costa, Jr., tomado por sorpresa, o confiado en la honorabilidad del abogado, proveyó con un 'como se pide,' a una moción cuya súplica envolvía el libramiento de un mandamiento al registrador para que cancelase un *lis pendens* anotado al margen de la inscripción de una propiedad en litigio."

Alegan los apelantes que las anteriores manifestaciones constituyen materia impropia y extraña a la cuestión esencial del asunto sometido a esta corte y que son infundadas según lo comprende la copia certificada de una resolución dictada por la Corte de Distrito de San Juan el 20 de mayo de 1941 en este mismo caso en relación con imputaciones similares de la apelada ante aquella corte; que dichas manifestaciones han sido hechas por el representante de la apelada maliciosamente con el único propósito de inferir una ofensa personal y gratuita al abogado de los apelantes y, por último, que dichas manifestaciones son contrarias a las reglas de esta corte y a los Cánones de Ética Profesional y constitu-

yen una falta de respeto y de consideración también al Juez Sr. La Costa de la corte inferior y a este tribunal.

De la resolución dictada por el Juez Sr. La Costa que se acompaña a la moción de los apelantes aparece que dicho magistrado hace constar, en relación con manifestaciones similares a las anteriormente transcritas, lo siguiente:

"Cuando esta corte dictó la orden de que se queja la demandante, *no fué sorprendida ni engañada.* Los hechos alegados en la moción que dió origen a dicha orden *no eran falsos;* la misma no fué tramitada en forma subrepticia."

La moción que dió lugar a esta resolución fué radicada el 26 de abril y solicitaba que se castigara por desacato a los demandados y a su abogado Lic. Edelmiro Martínez Rivera, y la corte la declaró sin lugar.

Las manifestaciones contenidas en los dos párrafos antes transcritos son claramente impertinentes e inmateriales a la cuestión planteada sobre desestimación de apelación. Tan es así que los propios apelados recurrieron ante la corte inferior ocho días después de radicada la moción ante esta corte, solicitando un remedio en relación con las alegadas actuaciones de los demandados y de su abogado. La corte inferior ya resolvió esas cuestiones en contra de la apelada y para nada podríamos tomar en consideración dichas manifestaciones al resolver si procede o no la desestimación del recurso.

Tanto las reglas de las cortes de distrito como nuestro Reglamento y los Cánones de Ética Profesional aprobados en julio 19 de 1935 (véase 48 D.P.R. págs. VIII–XXI) consideran una mala práctica el que se hagan imputaciones personales en las alegaciones y alegatos, ya que el prestigio de la profesión debe mantenerse al más alto nivel. Como se dijo en el caso de *López de Tord & Zayas Pizarro* v. *Molina,* 38 D.P.R. 823, 831:

". . . El campo de la contienda judicial está, o debe estar, cerrado a la admisión de cualquier violencia, y de él se halla proscrito todo

lo que tienda a personalismo y dureza de expresión: no es campo de batalla, en el que se pueda usar cualquier clase de armas, sino justa o torneo, en el que para defender, y para hacer triunfar la razón de nuestras contenciones, bastan la espada de la razón, y la invencible fuerza de la ley. . . . .''

Es cierto que, pasando sobre una cuestión similar, en el caso de *Benítez* v. *Borinquen Trading Corporation*, 33 D.P.R. 495, esta corte resolvió lo siguiente:

"Atendidas todas las circunstancias concurrentes, creemos que no procede decretar las eliminaciones solicitadas, limitándonos a censurar cualquier desviación de las buenas prácticas que consisten en circunscribirse a los hechos y a la ley, sin penetrar innecesaria y apasionadamente en el terreno personal.''

Sin embargo, el caso de autos es más fuerte y somos de opinión que no debemos permitir que subsistan en las alegaciones de la apelada los párrafos antes copiados, y como consecuencia, *se declara sin lugar la moción de los apelantes en cuanto a que se ordene el desglose de la moción de la apelada y con lugar en cuanto a que se ordene la eliminación de dichos párrafos en la moción enmendada que deberá radicar la apelada al efecto dentro del término de diez días.*