HEREDEROS DE GARRIGA, DEMANDANTES Y APELADOS, *v.* O' MEARA Y CÍA., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre prelación de créditos.

No. 2031.—Resuelto en abril 19, 1920.

DEMANDA—EXCEPCIÓN PREVIA DE FALTA DE HECHOS—PRUEBA DE LA DACIÓN DE CAUSA.—Cuando en una demanda se alega que el contrato origen del pleito se celebró por determinada persona cuyo nombre se menciona, alegándose además que dicha persona es causante de los demandantes y éstos se describen a sí mismos como la viuda y los hijos de la expresada persona, no comete error la corte que declara sin lugar una excepción de falta de hechos fundada en no alegarse el hecho determinativo de la dación de causa.

CONCURRENCIA Y PRELACIÓN DE CRÉDITOS—QUITA Y ESPERA—CONCURSO DE ACREEDORES.—Aunque la mente del legislador estuvo fija al dictar las reglas contenidas en el código civil con respecto a concurrencia y prelación de créditos, en los procedimientos de quita y espera y en los de concurso de acreedores, cuyas materias son hoy de jurisdicción federal exclusiva, sin embargo,

muchos de los preceptos contenidos en el Código Civil, título 17, libro 4º., constituyen reglas de derecho de observancia general y son aplicables, como lo es el artículo 1823 al presente caso, cuando sin tratarse de quiebra, surge un conflicto entre dos o más ciudadanos con respecto a su mejor derecho a cobrar sus créditos en determinados bienes de un deudor común.

Los hechos están expresados en la opinión.

Abogados del inventor: *Sres. A. Pérez Pierret* y *L. Llorens Torres.*

Abogado de la apelante: *Sr. Antonio Sarmiento.*

Abogado de los apelados: *Sr. J. Vendrell.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Mercedes Reguero, viuda de José C. Garriga, por su propio derecho y en representación de sus menores hijos José, Carmen, María, Juan, Rosalía, Alicia y Guadalupe Garriga y Reguero, estableció una demanda en la Corte de Distrito de Humacao contra la sociedad mercantil domiciliada en San Juan, Maurice O'Meara y Cía., pidiendo que se declarara preferente cierto crédito que los demandantes tenían contra determinados bienes muebles vendidos a Pablo Roig, sobre cierto otro crédito que la demandada quería hacer efectivo en los mismos bienes.

Según la demanda, José C. Garriga, causante de los demandantes, vendió a Pablo Roig el 23 de septiembre de 1913, por escritura pública, todos los enseres, maquinarias y demás utensilios de un establecimiento tipográfico que tenía, por la suma de $2,625, pagaderos a razón de $75 mensuales, quedando dichos bienes como garantía hasta que el comprador hiciere efectivo por completo el precio total de la venta. Roig llegó a abonar $450. La demandada en cierto pleito que siguió contra el dicho Pablo Roig en cobro de $355 y centavos, obtuvo una sentencia favorable, y para ejecutarla se embargaron ciertas máquinas de las vendidas por Garriga a Roig con la condición indicada. Los demandantes alegan que su crédito es preferente al de la demandada, de acuerdo con los artículos 1823 y 1827 del Código Civil.

La parte demandada excepcionó la demanda. Las ex-

cepciones se declararon sin lugar. Contestó entonces. Fué el pleito a juicio, se practicó la prueba y la corte lo resolvió en favor de los demandantes dictando una sentencia que contiene los siguientes pronunciamientos:

"1. Que el crédito de los demandantes en este pleito es de los comprendidos en el inciso primero del artículo 1823 del Código Civil, por proceder del precio de venta de bienes que estaban en poder del deudor cuando se practicó el embargo.

"2. Que dicho crédito goza de preferencia con relación a dichos bienes, excluyendo a todos los demás créditos hasta donde alcance el valor de los bienes a que la preferencia se refiere, según el artículo 1827 del propio Código.

"3. Que los demandantes deben obtener del deudor Pablo Roig la suma de los DOS MIL CIENTO SETENTA Y CINCO DOLLARS con preferencia al crédito de la Sociedad demandada en esta acción.

"4. Que la referida sociedad demandada debe pagar a los demandantes todas las costas y desembolsos ocasionados por la presente acción."

Debe hacerse constar que intervino en el pleito Antonio Pérez Pierret, allanándose a que se dictara sentencia de acuerdo con la súplica de la demanda por haber llegado a un acuerdo con la parte demandante. La parte demandada no compareció al juicio, y notificada que le fué la sentencia, recurrió de ella para ante este tribunal.

Estudiemos los errores señalados por la parte apelante en el orden en que lo han sido:

1. Sostiene el apelante que la corte de distrito erró al declarar sin lugar la excepción previa porque ejercitándose en la demanda derechos correspondientes a José C. Garriga, no se alegan en ella hechos determinativos de la dación de causa. A nuestro juicio tal error no existe. En la demanda se alega que Garriga fué causante de los demandantes y éstos se describen a sí mismos como la viuda y los hijos de Garriga.

2. Como segundo error se señala el de que la prueba no sostiene la sentencia. Se insiste primero en la falta de evi-

dencia sobre la dación de la causa y luego se alega que no se demostró que los bienes embargados fueran los mismos que los vendidos.

Con respecto al primer extremo diremos que en el acto de la vista declaró la viuda de Garriga quien, entre otras cosas, dijo que Garriga fué su esposo y los demandantes son sus hijos. Nadie se opuso. Ya hemos dicho que la parte demandada y apelante dejó de asistir al acto de la vista del pleito. Y con respecto al segundo diremos que se presentó como prueba en el juicio no solo la escritura de venta, sino el inventario de los bienes vendidos. En la exposición del caso se hace simplemente una referencia a esos documentos y debemos suponer que ellos proporcionaron base suficiente a la corte sentenciadora para concluir como concluyó que se trataba de los mismos bienes. Los bienes embargados se describen en el hecho cuarto de la demanda. Dicho hecho no fué negado en la contestación. Y el inventario pudo contener una descripción igual a la expresada en la demanda. Además, no fué esa sola la prueba aportada. La viuda también declaró sobre los bienes embargados, y no debe perderse de vista la actuación del interventor.

3. Como tercer error señala la apelante la aplicación indebida de los artículos 1823 y 1827 del Código Civil por tres motivos, a saber: porque dichos artículos solo son aplicables a casos de quiebra; porque no lo son a casos en que existe un embargo, y porque no se trata aquí de un conflicto de títulos igualmente indubitables y ejecutorios.

Creemos que en efecto la mente del legislador estuvo fija al dictar las reglas que contiene el Código Civil con respecto a la concurrencia y prelación de créditos, en los procedimientos de quita y espera y en los de concurso de acreedores. Es incuestionable que la jurisdicción exclusiva en materia de quiebras reside hoy en la Corte Federal. Pero no obstante ser ello así, es lo cierto también que muchos de los preceptos del Código Civil contenidos en el título 17 del libro 4°. constituyen reglas de derecho de observancia general apli-

cables a casos como el presente en que sin tratarse de una quiebra, surje un conflicto entre dos ciudadanos con respecto a su mejor derecho a hacer efectivos sus créditos en determinados bienes de un deudor común.

El caso de *Oronoz y Cía.* v. *Alvarez,* 23 D. P. R. 536, no tiene aplicación. .Allí se trataba de la preferencia de derechos que pudiera derivarse a virtud de ciertos embargos practicados. Aquí de la preferencia a cobrar a virtud de determinados preceptos de ley.

Es cierto que la parte demandada había ya obtenido una sentencia a su favor reconociendo la certeza de su crédito y que no se encontraba en la misma situación la parte demandante, pero es lo cierto también que ésta sometió su caso por completo al tribunal a quien pidió que decidiera sobre la preferencia y ese tribunal tuvo oportunidad, por las alegaciones y las pruebas practicadas, de asegurarse antes de dictar su sentencia de la certeza del crédito de la parte demandante para hacer aplicación, como la hizo rectamente, del artículo 1823 del Código Civil, en su inciso primero, que es el que regula este caso.

4. El cuarto y último error se refiere a las costas, bajo el fundamento de que procede la revocación de la sentencia por los otros errores apuntados. Como no existiendo los otros errores, procede confirmar la sentencia recurrida, claro está que no cometió tampoco error alguno la corte de distrito al imponer a la parte vencida en juicio la obligación de pagar las costas y los desembolsos del pleito. No aparece que en ello abusara de su discreción.

Por todo lo expuesto, procede declarar sin lugar el recurso y confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Sr. Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.