González, Etc., Tercerista, y Apelante, v. Alonso et al.,
Demandados y Apelados.

No. 3196.—*Visto:* Marzo 18, 1924. *Resuelto:* Abril 24, 1924.

Preferencia de Crédito por Precio de Venta—Bienes Muebles.—El mero libramiento de un embargo sobre bienes muebles a instancia del tenedor de un simple pagaré no es bastante' para que la propiedad embargada quede libre de la aplicación del artículo 1823 del Código Civil que concede preferencia, con relación a determinados bienes muebles del deudor a los acreedores por precio de venta de los bienes; y menos en el presente caso en que los bienes fueron vendidos por documento reconocido ante notario, mientras que el pagaré carecía de tal formalidad.

Sentencia de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, sin costas. *Revocada.*

*L. Freyre Barbosa,* abogado de la apelante; *E. H. F. Dottin,* abogado de los apelados.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En un documento suscrito ante notario público el día 8 de diciembre de 1921, Enrique Viñas Varela vendió al demandado José S. Belaval cierto restaurant y cafetín, con su surtido de provisiones, mobiliario y utensilios y otros efectos usados 'en el negocio; mediante inventario, por la suma de $1,300, $500 de los cuales habían de pagarse al hacerse cargo del negocio el comprador, y el resto de $800 a plazos mensuales, con una cláusula de que en el caso de que se dejaran de pagar tres mensualidades vencidas se procedería al cobro del importe de toda la deuda.

En enero 27 de 1922, Pedro Alonso estableció demanda contra José S. y Arturo S. Belaval en cobro de un pagaré de fecha diciembre 2 de 1921 y a vencer en enero 15 de 1922. Al día siguiente la propiedad arriba descrita en primer lugar fué embargada en el procedimiento establecido a nombre de Alonso, y después de registrada sentencia en rebeldía en febrero 18 de 1922, fué vendida en abril 15 siguiente.

Vicente Viñas falleció el día en que fué trabado el embargo y en marzo 8 de 1922 la viuda e hijos fueron declarados sus herederos, radicando al efecto una demanda de ter-

cería, en la que alegaban los anteriores hechos con excepción del relativo a la venta que entonces no había tenido lugar, en unión de otros hechos tendentes a establecer una conspiración para defraudar a los terceristas, y pidieron a la corte, entre otras cosas, que a la reclamación que hacían se diera preferencia a la de Alonso y fuera cubierta primeramente con el producto de la venta de la finca embargada.

La corte inferior, después de celebrar una vista sobre los méritos, desestimó la demanda de los interventores, según parece, basada en la teoría de ser insuficiente la prueba si bien la corte no archivó conclusiones de hecho o de derecho por separado.

Puede ser que la prueba de fraude y conspiración no sea tan concluyente que autorice una revocación de la sentencia apelada por el fundamento de error manifiesto en la apreciación de tal prueba, pero admitiendo en pro del argumento, aunque sin resolver, que esto sea así, en vista de los hechos arriba referidos que no han sido refutados, y aparte de cualquier cuestión de fraude o conspiración, estamos persuadidos de que los interventores tenían derecho al remedio que solicitaron. El artículo 1823 de nuestro Código Civil en parte es como sigue:

"Artículo 1823. Con relación a determinados bienes muebles del deudor, gozan de preferencia:

"1. Los créditos por construcción, reparación, conservación o precio de venta de bienes muebles que estén en poder del deudor, hasta donde alcance el valor de los mismos."

Comentando acerca de las correspondientes disposiciones legales contenidas en el Código Civil Español, dice Manresa lo siguiente:

"La razón de la preferencia atribuida en este número a los créditos a que se refiere, por lo que hace a los gastos de construcción, reparación y conservación de los bienes, sobre los que recae la preferencia, consiste en que sin esos gastos no existirían dichos bienes, viniendo, por lo tanto, a hallarse en la misma situación que el acree-

dor refaccionario con relación a los bienes inmuebles objeto de la refacción. Y en cuanto a los créditos procedentes del precio de bienes muebles que estén en poder del deudor, desde luego se comprende que aquellos a quienes pertenezcan dichos créditos, son, en cierto modo, acreedores de dominio, y puede decirse que tanto para ellos, como para los anteriores, no existe persona obligada, sino que la relación jurídica, más que con el deudor, existe entre el acreedor y la cosa con que ha de hacerse efectivo el crédito. Por eso se concede dicha preferencia, no con carácter absoluto, sino relativo, limitada únicamente a aquellas cosas determinadas que sujetan directamente a su cumplimiento las obligaciones origen de dichos créditos.''

A falta de alguna cita de autoridades o argumento convincente en apoyo de la proposición de que el mero libramiento de un embargo sobre bienes muebles a instancia del tenedor de un simple pagaré es bastante para que dicha propiedad quede libre de la aplicación del artículo 1823 del Código Civil, y para invertir el orden de preferencia en él prescrito con perjuicio del vendedor, estamos obligados ahora, por lo menos, a ser de parecer contrario.

El hecho de que el contrato de compraventa fué otorgado ante notario mientras que el pagaré no estaba autenticado de tal modo, es una circunstancia significativa que sugiere otros fundamentos de preferencia que ahora no necesitamos discutir.

*Debe revocarse la sentencia apelada.*