ENRIQUE HERNÁNDEZ ACOSTA, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, DISTRITO PRIMERO, Hon. CHARLES E. FOOTE, JUEZ, demandado.

No. 487.—*Visto:* Mayo 26, 1925. *Resuelto:* Agosto 1, 1925.

1. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS—TERCERÍAS—FUNDAMENTO DE LAS MISMAS.—Las tercerías se fundan, o en el dominio de los bienes embargados o en el derecho del tercero a ser reintegrado en su crédito con preferencia al del acreedor de la acción principal.

2. EMBARGOS—RECLAMACIONES POR TERCERAS PERSONAS— TERCERÍAS — RECLAMACIÓN INEFICAZ.—Si al formularse demanda de tercería—para que se declare que el producto de una subasta pertenece exclusivamente al tercerista por tener preferencia legal a cobrar su crédito antes que el ejecutante—ya la subasta se ha celebrado y los bienes se han adjudicado en pago y entregado a dicho ejecutante, la reclamación del tercerista carece de finalidad práctica.

CERTIORARI para revisar resolución de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar excepción previa de

falta de causa de acción y sin lugar demanda de tercería. *Anulado el auto expedido.*

*R. Castro Fernández,* abogado del peticionario; *Adrián Agosto,* abogado de la parte interventora.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Rodríguez Trelles Hermanos demandó en cobro de dinero a Alberto Gibbs. Para asegurar la efectividad de la sentencia se embargaron bienes muebles de la propiedad del demandado.

Más tarde, Enrique Hernández Acosta acogiéndose a la ley sobre tercerías de bienes muebles, aprobada en marzo 14, 1907, según quedó enmendada en marzo 12, 1908, estatutos de 1911, p. 889, formuló demanda para que se declarase que el producto de la subasta le pertenece exclusivamente por tener preferencia legal a cobrar su crédito antes que el perteneciente a Rodríguez Trelles Hermanos.

La demanda de tercería fué excepcionada por falta de causa de acción y la corte inferior sostuvo la excepción en su resolución, como sigue:

"Hemos estudiado detenidamente la excepción previa de falta de causa de acción formulada contra la demanda y encontramos que ella está muy bien fundada. El procedimiento de tercería no es el adecuado para dilucidar la preferencia de créditos sobre propiedad que ha sido embargada y vendida en ejecución de sentencia por uno de los acreedores. El propósito de la Ley creando dicho procedimiento, es el de proteger al dueño de una propiedad que hubiera sido embargada como perteneciente a otra persona. En el mismo sólo ha de ventilarse si el derecho a la propiedad embargada corresponde al que la reclama como tercerista, o al demandado en la acción principal. Para cualquier otra controversia sobre dichos bienes deberá seguirse la vía ordinaria."

Y con el objeto de que revisemos la resolución de la corte inferior, alegándose que se quebrantó el procedimiento al poner término al pleito por el motivo que se desestimó la demanda, se ha recurrido a esta petición de certiorari.

[1] Las tercerías se fundan, o en el dominio de los bienes embargados al deudor, o en el derecho del tercero a ser reintegrado de su crédito con preferencia al del acreedor de la acción principal.

En cuanto a las primeras existen dos procedimientos especiales, uno para bienes muebles, ley de marzo 14, 1907, *supra,* y otro que se autoriza en la misma ley para inmuebles: Sección 16 (*a*) insertada por la ley de marzo 12, 1908, Comp. 1911, p. 891. Y respecto a las segundas, la ley no prescribe un procedimiento especial para tramitarlas, pero la jurisprudencia más de una vez ha reconocido el derecho a ser ejercitadas. En el caso de *Herederos de Garriga* v. *O'Meara & Cía.,* 28 D.P.R. 360, que versa sobre una tercería de mejor derecho, se planteó la cuestión y allí el apelante tratando de limitar la aplicación de los artículos 1823 y 1827 del Código Civil Revisado a casos de quiebra y excluirla a los de embargo, la corte se expresó así:

"Creemos que en efecto la mente del legislador estuvo fija al dictar las reglas que contiene el Código Civil con respecto a la concurrencia y prelación de créditos, en los procedimientos de quita y espera y en los de concurso de acreedores. Es incuestionable que la jurisdicción exclusiva en materia de quiebras reside hoy en la Corte Federal. Pero no obstante ser ello así, es lo cierto que también que muchos de los preceptos del Código Civil contenidos en el título 17 del libro 4º constituyen reglas de derecho de observancia general aplicables a casos como el presente en que sin tratarse de una quiebra, surje un conflicto entre dos ciudadanos con respecto a su mejor derecho a hacer efectivos sus créditos en determinados bienes de un deudor común."

[2] Como cuestión de hecho diremos que en este caso que nos ocupa, se tramitó la tercería como si se discutiera por el peticionario el dominio de los bienes embargados. Se prestó el juramento y se entregó una fianza al márshal para obtener la posesión de dichos bienes, lo que no se obtuvo, y al formularse la demanda ya la subasta se había celebrado y los bienes se habían adjudicado y entregado al ejecutante.

De este modo el pago se había así realizado a Rodríguez Trelles Hermanos y quedó terminada la ejecución de la sentencia que se había dictado a su favor.

Si realmente el peticionario Hernández Acosta tuviera mejor derecho que el ejecutante en el pleito principal para cobrar con preferencia su crédito, lo había perdido en pena a su morosidad, porque no siguió el procedimiento adecuado, ya interviniendo de acuerdo con lo que estatuye en general el artículo 72 del Código de Enjuiciamiento Civil, o estableciendo una acción ordinaria oportunamente, o sea, antes de realizarse el pago al acreedor ejecutante, pues el pago debe entenderse hecho cuando se haya recibido el importe de la sentencia o hasta donde alcancen los bienes vendidos, y en el caso de adjudicación de bienes en pago, cuando se ha hecho la entrega de los mismos. Y habiendo ocurrido esto último en este caso, la reclamación del peticionario carecía de todos modos de finalidad práctica.

*Por todo lo expuesto, debe anularse el auto.*