CARLOS TRUEBA, demandante y apelante, *v.* BENITO ZALDUONDO, demandado, NATIONAL CITY BANK OF NEW YORK, SAN JUAN BRANCH, interventor y apelado.

No. 3386.—*Visto:* Febrero 11, 1925. *Resuelto:* Noviembre 20, 1925.

1. EMBARGOS — RECLAMACIONES POR TERCERAS PERSONAS — TERCERÍAS — FUNDAMENTO DE LAS MISMAS.—Procede una tercería de mejor derecho cuando surge un conflicto entre ciudadanos con respecto a su mejor derecho a hacer efectivo sus créditos en determinados bienes de un deudor común. (*Herederos de Garriga* v. *O'Meara & Co.*, 28: 360, y *Hernández* v. *Corte de Distrito*, 34: 679, seguidos.)

2. CORPORACIONES—CAPITAL, ACCIONES Y DIVIDENDOS — TRASPASOS DE ACCIONES—
ACCIONES DADAS EN PRENDA—REQUISITOS Y VALIDEZ DEL CONTRATO—INSTRU-
MENTO PÚBLICO.—Tratándose de pignoración de efectos que enumera el ar-
tículo 320 del Código de Comercio—acciones de corporaciones—no es nece-
sario para la pignoración de los valores el requisito de la escritura pública.

3. CORPORACIONES—CAPITAL, ACCIONES Y DIVIDENDOS — TRASPASOS DE ACCIONES—
ACCIONES DADAS EN PRENDA—TRASPASO EN LOS LIBROS DE LA CORPORACIÓN—
PREFERENCIA EN CUANTO A TERCERO.—Una transferencia de acciones pigno-
radas llevada a cabo de acuerdo con el artículo 13 de la Ley de Corporaciones
Privadas es un medio de prueba auténtico para dejar establecida la legiti-
midad del contrato de prenda respecto a tercero.

4. CORPORACIONES—CAPITAL, ACCIONES Y DIVIDENDOS — TRASPASOS DE ACCIONES—
ACCIONES DADAS EN PRENDA—TRASPASO EN LOS LIBROS DE LA CORPORACIÓN—
PREFERENCIA EN CUANTO A TERCERO.—El artículo 1766 del Código Civil no
es aplicable a la pignoración de acciones transferidas de conformidad con el
artículo 13 de la Ley de Corporaciones Privadas.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan),
declarando con lugar demanda de tercería, con costas. *Confir-
mada.*

M. *Tous Soto,* abogado del apelante; *Chas. Hartzell* y *F. Ramírez
de Arellano,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

Carlos Trueba demandó a Benito Zalduondo en cobro de
dinero y para asegurar la efectividad de la sentencia trabó
embargo sobre ciertos valores consistentes en acciones de
de las corporaciones "La Compañía Azucarera del Toa" y
la "Porto Rico Steam Laundry."

La apelada, The National City Bank of New York, inter-
vino en el procedimiento y después de alegar que las mis-
mas acciones le habían sido pignoradas y endosadas, e ins-
crita su transferencia en el libro de traspasos de acciones
de las respectivas corporaciones arriba nombradas para res-
ponder al pago de dos pagarés, uno por $9,900 y otro por
$1,550, que vencieron el 3 de marzo, 1923, solicitó el levanta-
miento del embargo o bien que se declarara que dichas ac-
ciones están preferentemente afectas al pago de los paga-
rés mencionados.

La demanda interventora fué excepcionada por falta de
causa de acción y siendo desestimada la excepción, se pidió

por el apelante que se dictara sentencia, como así se hizo
por la corte inferior, con el fin de establecer la presente
apelación.

El apelante señala dos errores, a saber:

"Primero.—Al autorizar al National City Bank of New York,
San Juan Branch, para intervenir en el caso, a fin de discutir su
mejor derecho o preferencia para cobrarse determinados créditos
con el producto en venta de las acciones embargadas en este pleito.

"Segundo.—Al desestimarse la excepción previa de falta de
causa de acción contra la demanda del interventor y entender que
la misma era suficiente para establecer la existencia de un contrato
de prenda contra tercero."

[1] La cuestión que levanta el primer error no se sus-
cita por primera vez. En el caso de *Herederos de Garriga
v. O'Meara y Cía.*, 28 D.P.R. 360, se resolvió que cabe la
tercería de mejor derecho cuando surge un conflicto entre
ciudadanos con respecto a su mejor derecho a hacer efecti-
vos sus créditos en determinados bienes de un deudor co-
mún, doctrina que fué ratificada en el de *Hernández Acosta
v. La Corte de Distrito de San Juan*, resuelto en agosto 1,
1925, (pág. 679).

[2] El segundo error parece de más seria importancia.
El envuelve la interpretación que debe darse al artículo
1766 del Código Civil Revisado, que literalmente dice:

"Art. 1766.—No surtirá efecto la prenda contra tercero si no
consta por instrumento público la certeza de la fecha."

No admite discusión que se trata de una regla de evi-
dencia.

Los mismos comentaristas del Código Civil español, del
que es reproducción el artículo transcrito (véase art. 1865
de dicho Código) sostienen en relación con el derecho de
terceros que tal disposición es un precepto de carácter pro-
batorio teniendo por fin especial evitar la combinación frau-
dulenta entre un supuesto o verdadero deudor y un acree-
dor real o fingido, impidiendo que se improvisen garantías

de prenda en daño del derecho de terceros. Sánchez Román, vol. 4, p. 987. Véase Manresa, vol. 12, p. 417.

Iguales consideraciones podíamos decir que son aplicables al artículo 1195 del Código Civil Revisado, que lee como sigue:

"Art. 1195.—La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio."

La Corte de Circuito de Apelaciones, Primer Circuito, en los casos de *Rucabado* v. *Longpré et al.* y *Aboy* v. *Longpré*, 239 Fed. 291, tuvo ocasión de interpretar el último precepto en el mismo sentido, y el Juez Bingham, hablando a nombre de la corte y sosteniendo que existía un conflicto entre el artículo 1195 y la Ley de Evidencia, se expresó así:

"El Código Civil de Puerto Rico empezó a regir el primero de julio de 1902, pero en 9 de marzo de 1905 la Asamblea Legislativa de la isla aprobó una ley titulada 'Una Ley para reglamentar la presentación de evidencia en los procedimientos civiles,' mediante la cual se revisó, amplió y, en muchos respectos, cambió esencialmente la ley de evidencia tal como se dispuso en dicho Código. Compilación de los Estatutos Revisados y Códigos de Puerto Rico, págs. 276–298. Esta ley empezó a regir en primero de julio de 1905 (art. 171) y en el artículo 170 se dispone que 'Todo Real Decreto, Orden General, ley o parte de ley, en conflicto con las disposiciones de ésta, quedan por la presente derogadas.' En ninguna parte de esta ley aparecen las disposiciones de la sección 1195 del Código. Dicha ley prescribe que 'son documentos públicos: Los que se determinan en el artículo 1184 del Código Civil (art. 45); son privados todos los demás escritos (art. 46).'

"El capítulo V de la ley, bajo el epígrafe 'Evidencia Indirecta (la versión española dice 'directa'—Nota del traductor) Inferencias y Presunciones' prescribe (sec. 96) que la 'evidencia indirecta (directa) es de dos clases: (1) Inferencias; y (2) Presunciones; 'y, habiendo definido la naturaleza de una 'inferencia' y una 'presunción,' dice que una 'presunción (a menos que la ley no la hubiere declarado concluyente) puede controvertirse mediante otra eviden-

cia, directa o indirecta; pero a no serlo así, será obligación del juez o jurado pronunciar su veredicto o fallo de acuerdo con la presunción' (artículo 100). Después de proveer que 'las siguientes presunciones se estiman concluyentes, con exclusión de todas las demás' (art. 101), procede a enumerar en los siguientes siete párrafos las circunstancias en las cuales las presunciones de esta índole pueden surgir. Luego dispone que 'todas las demás presunciones serán satisfactorias, si no fueran contradichas. Se denominan presunciones disputables y pueden controvertirse mediante otra evidencia' (art. 102). Se mencionan treinta y nueve presunciones disputables y las circunstancias bajo las cuales pueden surgir, entre las cuales están las siguientes:

"(19) 'Que las transacciones privadas fueron realizadas con rectitud y en debida forma.

"(23) 'Que un escrito lleva fecha exacta.'

"La presunción que las 'transacciones privadas fueron realizadas con rectitud y en debida forma' no se limita en su aplicación a las partes y es enteramente incompatible con la idea fundamental contenida en el artículo 1195 al efecto de que se presume que las transacciones, en cuanto a terceras personas, son injustas e irregulares; y la presunción de que 'un escrito lleva fecha exacta' significa que un escrito, ya sea un documento público o privado, se presumirá que ha sido otorgado en la fecha en que representa haberlo sido. Ambas disposiciones están en conflicto con el texto así como con el espíritu del artículo 1195 y muestran claramente que la intención fué hacer un cambio fundamental en la ley.''

Es bueno aclarar, sin embargo, que la resolución de la Corte de Circuito de Apelaciones fué rendida en diciembre 6, 1916, y que seguramente no se dió a conocer a dicha corte que la Legislatura de Puerto Rico en marzo 7, 1912 (p. 113), posterior a la aprobación de la ley de evidencia, había decretado la ley No. 65 titulada ''Ley para enmendar los artículos 1195, 1247 y 1040 del Código Civil,'' manteniendo por consiguiente en todo su vigor la misma disposición. Pero de todos modos ninguna declaración legislativa se ha decretado en relación con el artículo 1766 después de haber entrado a regir la ley de evidencia y la fuerza del razonamiento de la Corte de Circuito de Apelaciones en los casos

antes .citados, nos parece enteramente aprovéchable para llegar a una conclusión igual respecto al artículo 1766 declarando su inconsistencia con dicha ley de evidencia. En realidad la prescripción del artículo 1766 es una regla rígida y parece hacer imposible, siguiendo su mandato, la confabulación entre un supuesto o verdadero deudor y su acreedor real o fingido a fin de perjudicar a un tercero. El principio se basa en la teoría de la flaqueza humana; lo contrario al fundamento que sostiene la ley de evidencia, en la que prevalece la presunción del bien o de que el hombre por naturaleza es bueno. La última presunción favorece, sin duda, la libertad de los contratos y en ella pareció inspirarse el legislador español al regular la materia en su Código de Comercio, que no exige el requisito de .la escritura pública para la pignoración de los valores que por este pleito se discuten. Dicho artículo 320 dice:

"Art. 320.—El préstamo con garantía de efectos cotizables, hecho en póliza con intervención de Agentes colegiados, se reputará siempre mercantil.

"El prestador tendrá, sobre los efectos o valores públicos pignorados conforme a las disposiciones de esta sección, derecho a cobrar su crédito con preferencia a los demás acreedores, quienes no podrán retirar de su poder dichos efectos, a no ser satisfaciendo el crédito constituído sobre ellos."

Desde luego que en sustitución del requisito de la escritura pública estaba la póliza con intervención de los agentes colegiados. Pero cuando esos préstamos eran celebrados por Montes de piedad, bancos y sociedades legalmente constituídas, podían ser contraídos en impresos especiales que *ad hoc* tenían preparados para efectuar tales transacciones, según nota al artículo 320 del Código de Comercio, undécima edición de Góngora, p. 201.

Se trata, pues, en este caso de la pignoración de efectos que enumera el artículo 320 del Código de Comercio. No hay una póliza ni han intervenido ciertamente agentes

colegiados en la operación, cuya institución por desuso parece que ha desaparecido en Puerto Rico, pero aparecen otros medios de prueba auténticos que enteramente legalizan el contrato.

[3, 4] La demanda alega que las acciones fueron pignoradas y endosadas por el deudor a The National City Bank of New York, San Juan Branch, e inscrita su transferencia en el libro de traspasos de acciones de las respectivas corporaciones emisoras en garantía colateral de las dos obligaciones antes mencionadas.

Esta es una formalidad que se llevó a cabo de acuerdo con el artículo 13 (Comp. 419) de la ley sobre corporaciones privadas, aprobada en marzo 9, 1911, precepto que se informa indudablemente en el mismo propósito que el artículo 1766 del Código Civil, o sea, la protección de terceros. Una transferencia en tales condiciones es un medio de prueba auténtico que la ley misma determina para dejar establecida la legitimidad del contrato de prenda respecto a tercero.

El artículo 13 a que nos hemos referido, sección 419, Comp. de 1911, p. 93, en parte dice así:

*       *       *       *       *       *       *

Siempre que se verificase una transferencia de acciones en calidad de garantía colateral, y no en absoluto, se hará constar así en el asiento del traspaso.''

Esta es la demostración palpable de que si aún no hubiese sido puesta en duda la vigencia del artículo 1766 después de aprobada la ley de evidencia, su inaplicación a la pignoración de acciones, transferidas de conformidad con el artículo 13 citado, resulta enteramente clara.

*Por todo lo expuesto, debe confirmarse la sentencia inferior.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.