A. Méndez y Hermano, demandante y apelante, *v.* Carlos R. Chavier, demandado, Rafael V. Pérez Marchand, interventor y apelado.

No. 4729.—*Sometido:* Mayo 1, 1929. *Resuelto:* Junio 18, 1929.

732

*Carlos del Toro Fernández,* abogado del apelante; *R. V. Pérez Marchand,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

A Méndez y Hermano, de San Juan, presentó en la Corte de Distrito de San Juan, P. R., una demanda contra Carlos R. Chavier, en cobro de cantidad, alegando sustancialmente que el demandado, fingiendo tener fondos en la mercantil Cabrera y Compañía, de New York, había tomado a préstamo a la demandante $600 en efectivo, y la había dado cheques por $100 cada uno, contra la referida mercantil, y que al ser éstos presentados no fueron aceptados por Cabrera y Co., porque Chavier no tenía fondos en dicha casa o firma; que notificado Chavier no ha pagado el todo ni parte alguna de dicha suma. La demanda fué jurada. La demandante, al mismo tiempo, presentó moción para aseguramiento de sentencia, que fué concedida, y el márshal de la Corte de Distrito de San Juan embargó, en poder del secretario de la misma corte, mil dollars en efectivo, como parte de la suma de mil doscientos cincuenta dollars que había consignado Carlos Aguayo a la disposición de Carlos R. Chavier en pago de una sentencia en el caso civil No. 794, *Chavier v. Aguayo,* sobre indemnización.

El caso fué trasladado a la Corte de Distrito de Ponce. El demandado Chavier presentó contestación negativa de los

hechos sustanciales de la demanda, cuya contestación aparece jurada.

Don Rafael V. Pérez Marchand radicó en este pleito una petición de intervención alegando tener interés en el caso y reclamar un derecho entre las mismas partes en el mismo comprendidas por tener un contrato de servicios profesionales montante a la mitad de la suma de mil dólares que fué depositada para el demandado en otro caso y embargada por el demandante en éste. La Corte de Distrito de Ponce declaró con lugar la moción de intervención y admitió la demanda del Sr. Pérez Marchand concediendo término para contestarla.

La demanda de intervención alegó sustancialmente que se había embargado en la Secretaría de la Corte de Distrito de San Juan la suma de mil dólares que estaba consignada a favor de Carlos R. Chavier en el caso No. 794; y que tales sentencia y suma de mil dólares son resultado de las gestiones profesionales del interventor como abogado de Chavier en aquel caso en el cual el demandado Chavier, había convenido en pagar al interventor su abogado el cincuenta por ciento de cualquier cantidad que se obtuviera en el pleito; que el embargo hecho por A. Méndez & Hermano es nulo e ilegal porque de la suma embargada quinientos dólares pertenecen al interventor Pérez Marchand.

A. Méndez & Hermanos había formulado una oposición a la moción de intervención fundándose en que ésta no aducía hechos suficientes determinantes del derecho a intervenir. Una vez admitida la intervención A. Méndez y Hermano excepcionó la demanda por falta de hechos; y desestimada la excepción contestó alegando entre otras cosas que la suma total depositada en el caso civil No. 794 era de $1,250, de los que $250 eran exclusivamente para honorarios de abogado y que esa suma era la convenida en una transacción que los abogados de Chavier llevaron a efecto con Aguayo; negó los demás hechos esenciales de la demanda del interventor alegando de nuevo la transacción sobre honorarios por $250 y

alegando que en todo caso cualquier contrato de servicios profesionales en que A. Méndez & Hermano no había sido parte no podría perjudicar a esta sociedad. Seguido el caso por sus trámites y celebrado el juicio oral, la corte, después de oír la prueba de ambas partes dictó sentencia declarando con lugar la demanda y ordenando que A. Méndez & Hermano recobrara de Carlos R. Chavier la suma de $600 con intereses al seis por ciento anual desde el 30 de agosto de 1924 hasta el completo pago y que el interventor Sr. Pérez Marchand recobre la suma de $500 que le pertenecen, decretando también la nulidad y levantamiento del embargo trabado en el caso sobre la sentencia recaída en el pleito No. 794.

La parte demandante A. Méndez & Hermano interpuso apelación contra esa sentencia en la parte que declara con lugar la demanda de intervención notificando tal apelación al demandante interventor.

Señala la apelante dos errores. El primero relativo a la desestimación de la excepción previa contra la demanda de intervención fundada en falta de hechos suficientes para determinar causa de acción; y el segundo relativo a que la sentencia es contraria a derecho y a la prueba.

El artículo 72 del Código de Enjuiciamiento Civil rige la materia de intervención. Dice textualmente, así:

"Cualquiera persona antes de la celebración del juicio podrá intervenir en una acción o procedimiento si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. Esta intervención tiene lugar cuando a un tercero se le permita ser parte en la acción o procedimiento seguido entre otras partes, ya asociándose al demandante para reclamar lo que se pretenda en la demanda, o ya uniéndose al demandado para oponerse a las pretensiones del demandante, o pidiendo algo en sentido adverso a las reclamaciones de demandante y demandado, cuya intervención se efectúa por medio de demanda, exponiendo en ella los motivos en que se funde, presentada con permiso de la corte, y notificada a las partes que no hubieren comparecido y a los abogados de las comparecidas, quienes podrán contestar o alegar una excepción a ella, como si fuese una demanda ordinaria."

De este precepto legal deben tenerse muy en cuenta las primeras líneas que son las fundamentales en el derecho de intervención y sobre todo las palabras siguientes: ". . . . . podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas."

Es condición precisa tener un interés en el asunto en litigio, para poder intervenir. La posible existencia de un crédito de cualquier clase contra el demandado, no es generalmente justificante para la intervención.

En el caso *Mari* v. *Mari y Royal Bank of Canada*, 26 D.P.R. 665, el Royal Bank of Canada intervino en el pleito entre Ernesto Mari y Juan Mari; pero el Royal Bank of Canada alegó que tenía hecho al demandado un préstamo agrícola con garantía de ciertos productos agrícolas que fueron los mismos embargados en el pleito entre los Mari. Y en la opinión en el caso, este tribunal citó un texto. 20 R.C.L. 687, que dice:

"Las personas que tengan gravámenes sobre las propiedades afectadas por el pleito, o cuyos derechos pueden ser afectados por la sentencia tienen derecho a intervenir.

En el caso *Trueba* v. *Zalduondo y National City Bank*, 34 D.P.R. 743, en la opinión de este tribunal se lee:

" . . . . . . En el caso de Herederos de Garriga v. O'Meara y Cía., 28 D.P.R. 360, se resolvió que cabe la tercería de mejor derecho cuando surge un conflicto entre ciudadanos con respecto a su mejor derecho a hacer efectivos sus créditos en determinados bienes de un deudor común, doctrina que fué ratificada en el de Hernández Acosta v. La Corte de Distrito de San Juan, resuelto en agosto 1. 1925."

Y en el caso *Hernández Acosta* v. *Corte de Distrito*, 34 D.P.R. 679, la doctrina es:

"Las tercerías se fundan o en el dominio de los bienes embargados al deudor, o en el derecho del tercero a ser reintegrado de su crédito con preferencia al del acreedor en la acción principal."

No podemos estar de acuerdo con la teoría de que el interventor Pérez Marchand tuviera un gravamen, o un derecho preferente sobre los mil dollars depositados en la secretaría de la corte en el citado pleito. Nada hay en nuestra ley que cree un gravamen a favor del abogado, sobre las costas concedidas, no a él, sino a la parte litigante. Este aserto se halla en armonía con la doctrina declarada en el caso *Ricardo Casals v. Angelina Rosario*, 34 D.P.R. 77, en que se dijo:

"Las costas, incluyendo honorarios de abogado, corresponden realmente al cliente, y cualquier abogado puede actuar como agente para determinar las costas."

Resuelto así este extremo, no es preciso entrar en el examen del otro señalamiento de error.

La sentencia apelada debe *revocarse en cuanto se admitió la intervención* y declara derechos del interventor y en lo que afecta a la nulidad y alzamiento del embargo, y *confirmarse* en cuanto condena al demandado Chavier al pago a A. Méndez y Hermano de la suma reclamada, intereses y costas.