MANUEL VIÑAS RODRÍGUEZ, demandante y apelante, *v.* J. S. WATERMAN & Co., demandada y apelada.

No. 5448.—*Sometido:* Diciembre 4, 1932. *Resuelto:* Julio 29, 1932.

*Enrique Campillo,* abogado del apelante; *O. B. Frazer* y *R. Castro Fernández,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El demandante-apelante presentó un pleito titulado "tercería de mejor derecho." El demandante anteriormente había iniciado acción contra Arturo Ocasio Roldán por el procedimiento sumario de la Ley Hipotecaria. Poco antes de eso la demandada J. S. Waterman & Co. instó pleito en la Corte de Distrito de Mayagüez contra Arturo Ocasio Roldán, el ameritado deudor, y embargó cierta maquinaria que es objeto del presente litigio. El caso de Mayagüez prosiguió hasta sentencia, la propiedad embargada fué vendida en ejecución, y se le adjudicó a la demandada J. S. Waterman & Co. Los bienes embargados eran efectos para panadería, y el demandante-apelante alegó que formaban parte de su hipoteca. Los efectos, desde luego, fueron embargados en San Juan, donde aparentemente estaba situada la panadería, así como el solar afecto a la hipoteca. En el presente litigio el apelante alegó que él tenía un derecho preferente a tales

efectos por razón de la hipoteca. El demandante obtuvo un *injunction* provisional impidiendo a la demandada o sus agentes o empleados remover cualquiera parte de la maquinaria hasta que se fallara el caso. La demandada, J. S. Waterman & Co., excepcionó. La Corte de Distrito de San Juan, siguiendo la opinión en el caso de *Hernández* v. *Corte de Distrito*, 34 D.P.R. 679, y el artículo 1533 de la antigua Ley de Enjuiciamiento Civil española, resolvió que un pleito de tercería no procedía después que la propiedad objeto de litigio había sido rematada. Se radicó moción de reconsideración, y la Corte de Distrito de San Juan la denegó, agregando a su razonamiento que no cabía la tercería a menos que se demostrara que el acreedor ejecutante se proponía, puede decirse, remover la maquinaria del solar embargado. Creemos que la corte estuvo en lo cierto.

██ ██ Entre otras cosas, el apelante alega que si bien este pleito fué titulado "tercería de mejor derecho," en realidad no era tal sino un remedio auxiliar de la sentencia que pudiera dictarse en el procedimiento ejecutivo sumario. Sin embargo, no sólo el título sino la súplica de la demanda y la última alegación de ésta demuestran que la teoría era una prelación de créditos. El artículo 1531 de la Ley de Enjuiciamiento Civil española para Cuba y Puerto Rico, equivalente al artículo 1533 citado por la corte inferior de la ley española, disponía como sigue:

"Podrán deducirse (las tercerías) en cualquier estado del juicio ejecutivo.

"Si la tercería fuere de dominio, no se admitirá después de otorgada la escritura o consumada la venta de los bienes a que se refiere, o de su adjudicación en pago y entrega al ejecutante, quedando a salvo el derecho del tercero para deducirlo contra quién y cómo corresponda.

"Si fuere de mejor derecho, no se admitirá después de realizado el pago al acreedor ejecutante."

Fué contención del apelante que aunque la propiedad le fué adjudicada a J. S. Waterman & Co. en la subasta, su

entrega efectiva jamás había tenido lugar. Sin embargo, si tal fué el hecho, el demandante debió hacerlo aparecer en su demanda, según apunta la apelada. Tenemos la idea, aunque no es necesario que lo decidamos específicamente, que el título a los bienes pasó por virtud del remate, y equivalía a una entrega.

■ Si bien pudo haber procedido algún otro pleito, o el demandante tal vez pudo establecer un remedio auxiliar al ejecutivo hipotecario, la demandada no tuvo conocimiento de nada excepto de una tercería de mejor derecho.

Además, nada hay en los autos que demuestre que la teoría ahora suscitada ante este tribunal respecto a la naturaleza de la acción, fuera presentada a la corte inferior. Las indicaciones son en sentido contrario.

■ La corte concedió al demandante la oportunidad de enmendar, de la cual no se aprovechó, sino que insistió en la demanda tal como aparecía, y, según veremos, la misma era defectuosa por otros conceptos. Aunque hay algunos indicios de que no se hizo gran hincapié sobre los otros defectos en la corte inferior, no obstante, la apelada, desde luego, tiene derecho a descansar en ellos cuando el demandante insiste en la suficiencia de su demanda.

Según indica la apelada, la demanda no alega que los bienes rematados por virtud de la sentencia estuvieran permanentemente adscritos a la propiedad hipotecada, ni la descripción de la hipoteca demuestra que la escritura constituyéndola en forma alguna describiera los referidos bienes rematados.

Tal como apunta la apelada, tampoco alegó la demanda que la propiedad en poder del márshal estaba ubicada en la finca afecta a la hipoteca, ni siquiera que la misma pertenecía al deudor. Aunque quizá pudieron haberse hecho algunas inferencias a favor del demandante, especialmente si el caso hubiera ido a juicio, *non constat* que los bienes embargados

no se hallaban en el terreno y que no pertenecían a Arturo Ocasio.

No se alegó que la propiedad valía más de $500, la cantidad necesaria para dar jurisdicción a la Corte de Distrito de San Juan.

Posiblemente, si el apelante hubiera enmendado su demanda para convertirla en un remedio auxiliar de su procedimiento hipotecario, y hubieran subsistido los otros defectos, la demandada habría excepcionado nuevamente y el demandante habría tenido otra oportunidad de presentar debidamente su caso ante la corte.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.