PUERTO RICO BEDDING MFG. CORP., demandante y recurrente, *v.* ERNESTO A. HERGER, H/N B/N DE SUPER DISCOUNT HOUSE, demandado; SEALY MATTRESS COMPANY OF PUERTO RICO, INC., interventora y recurrida.

*Número:* R-64-74     *Resuelto:* 4 de diciembre de 1964

*Leopoldo C. Delucca,* abogado del recurrente; *O'Neill & Borges,* abogados de la interventora.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Puerto Rico Bedding Mfg. Corp. instó acción en cobro de dinero contra Ernesto A. Herger, haciendo negocios bajo el nombre de "Super Discount House". Para asegurar la efectividad de la sentencia embargó 13 espaldares de camas (*frames*), 22 colchones y 32 cajas de muebles (*box springs*) con un valor total de $1,274.50.

Intervino en dicho pleito la Sealy Mattress Company of Puerto Rico, Inc., alegando que los referidos bienes embargados eran de su propiedad o que tenía un crédito preferente al de la demandante sobre los mismos porque el deudor Herger no le había pagado el precio de venta de dichos bienes.

En cuanto a los hechos no hubo controversia. Los bienes embargados habían sido vendidos por la interventora a Herger en cuenta corriente y éste los tenía en su poder y no había pagado su precio. En vista de ello las partes solicitaron del Tribunal que dictara sentencia resolviendo la única cuestión legal envuelta en el litigio, a saber: si la interventora Sealy Mattress Company of Puerto Rico, Inc., era según alegaba, dueña de los bienes embargados o si tenía sobre ellos un crédito preferente al de la acreedora embargante.

El Tribunal Superior dictó sentencia sumaria declarando con lugar la demanda de intervención y ordenó a la Puerto Rico Bedding Mfg. Corp. hacer entrega a la interventora Sealy Mattress Co. of P.R., de los bienes embargados, o en su defecto, el pago de su valor. Aplicó a los hechos del caso las disposiciones del Art. 1822 del Código Civil (31 L.P.R.A. sec. 5192), sobre prelación de créditos.

Sostiene la recurrente que reputándose mercantil la venta hecha por Sealy Mattress Co. of Puerto Rico a Ernesto Herger, la preferencia de créditos sobre los bienes vendidos está regulada exclusivamente por el Art. 258 del Código de Comercio que dispone:

"En tanto que los géneros vendidos estén en poder del vendedor, aunque sea en calidad de depósito, tendrá éste preferencia sobre ellos a cualquier otro acreedor, para obtener el pago del precio con los intereses ocasionados por la demora."

Sigue arguyendo la recurrente que al entregar la vendedora los bienes al comprador, Herger, perdió su preferencia. Sostiene además, que los créditos mencionados en el Art. 1822 del Código Civil son civiles y no mercantiles y que no incluyéndose en los mismos el precio de bienes muebles con motivo de una compraventa mercantil, los tribunales no tienen facultad para incluirlo en la ley, conforme dispone el Art. 1825 del Código Civil según fue interpretado en *Pierazzi* v. *Molini*, 26 D.P.R. 281 (1918).

■ Cabe señalar, en primer término, que Sealy Mattress Co. of Puerto Rico, mediante intervención, podía litigar su derecho a ser reintegrada en su crédito con preferencia al del acreedor de la acción principal, *Hernández* v. *Corte de Distrito*, 34 D.P.R. 679 (1925); *Trueba* v. *Zalduondo*, 34 D.P.R. 743 (1925).

■ El Código de Comercio, a distinción del Código Civil, no regula en toda su amplitud, la prelación de créditos. Se ocupa de algunos casos específicos, como por ejemplo, el consignado en su Art. 258. La prelación que allí se concede al vendedor de géneros depende de que los géneros estén aún en poder del vendedor, aunque en calidad de depósito. Mas ello no significa que desaparecida esa garantía (prendaria o pignoraticia) concedida al vendedor, por razón de haber pasado los géneros vendidos a poder del comprador, quede aquél relegado en orden de preferencia para cobrar el precio de venta, frente a otros acreedores comunes del deudor, incluyendo desde luego, al primero que traba embargo sobre dichos bienes.

■ No se ocupa el Código de Comercio como antes dijimos, de establecer un orden de prelación entre los distintos créditos, como tampoco se ocupa, en términos generales, de

las obligaciones contractuales de la compraventa, aunque el contrato mercantil es por excelencia el de compraventa. En verdad no tenía el Código de Comercio por qué entrar en los detalles de aquellos principios generales de derecho, ya consagrados en el derecho positivo máxime cuando a él se remite al disponer en su Art. 2 (10 L.P.R.A. sec. 1002):

"Los actos de comercio, sean o no comerciantes los que los ejecuten, y estén o no especificados en este Código, se regirán por las disposiciones contenidas en él; y en su defecto, por los usos del comercio observados generalmente en cada plaza, y a falta de ambas reglas, por las del derecho común.

Serán reputados actos de comercio los comprendidos en este Código, y cualesquiera otros de naturaleza análoga."

También se remite el Código de Comercio al derecho común (Código Civil) como fuente supletoria de aquél respecto o a las reglas que rigen los contratos mercantiles, al disponer en su Art. 81 (10 L.P.R.A. sec. 1301) lo siguiente:

"Los contratos mercantiles, en todo lo relativo a sus requisitos, modificaciones, excepciones, interpretación y extinción y a la capacidad de los contratantes, se regirán, en todo lo que no se halle expresamente establecido en este Código o en leyes especiales, por las reglas generales del derecho común."

Cuando los bienes que son objeto de una compraventa mercantil han pasado a poder del comprador, y en su consecuencia se hace inaplicable el Art. 258 del Código de Comercio, ¿a qué fuentes debemos acudir para determinar la prelación y concurrencia de créditos contra el deudor comprador de dichos bienes? Ciertamente no es el propio Código de Comercio, porque éste guarda silencio sobre el particular. La preferencia que reclama la demandante embargante en este caso, emana del propio embargo. No hay duda de que entre acreedores comunes, el primero que embarga tiene preferencia sobre los demás, pero esa preferencia no va más allá del derecho que tenga el deudor sobre los bienes embargados.[1]

---

[1] *Commercial Credit Co.* v. *Soto*, 41 D.P.R. 397, 398 (1930); *Pérez* v. *Claudio y South P.R. Sugar Co., Inter.*, 48 D.P.R. 575 (1935).

Los dueños de los créditos por el precio de venta son, en cierto modo, acreedores de dominio. Así, hemos resuelto que el mero libramiento de un embargo a instancias de un acreedor común no es bastante para que la propiedad embargada quede libre de la aplicación del Art. 1822 del Código Civil (²) que concede preferencia, con relación a determinados bienes del deudor a los acreedores por el precio de venta de los bienes embargados. *González* v. *Alonso,* 33 D.P.R. 69 (1924). Las disposiciones del Código Civil sobre concurrencia y prelación de créditos en tanto en cuanto suplementan el Código de Comercio, es la fuente a la que hay que acudir, y se aplican en situaciones como la del presente caso, en que la disputa por la preferencia del crédito, surge como consecuencia de un contrato mercantil de compraventa. Véase *Herederos de Garriga* v. *O'Meara & Cía.,* 28 D.P.R. 357 (1920).

Comentando el Art. 340 del Código de Comercio español, equivalente al Art. 258 del nuestro, dice Gay de Montellá: (³) "Determinado el precio en el contrato, o señalado en éste el procedimiento para determinarlo, el pago del mismo se transforma en un derecho de crédito preferente para el vendedor, derecho que se ejercita en primer lugar por la reivindicación enfrente de cualquier otro acreedor del comprador que pretendiera ejercitar sobre lo vendido cualquier derecho, a excepción del crédito resultante de la refacción o construcción del mismo objeto, extremo olvidado por el Código de Comercio y que halla su regulación en el Código civil (art. 1600)."

■ Véase como el Código de Comercio en su Art. 258 guarda silencio en cuanto a los créditos por construcción,

---

(²) Dispone el Art. 1822 del Código Civil:

"Con relación a determinados bienes muebles del deudor, gozan de preferencia:

1. Los créditos por construcción, reparación, conservación o precio de venta de bienes muebles que estén en poder del deudor, hasta donde alcance el valor de los mismos.

2. . . . .

3. . . . ."

(³) Gay de Montellá, *Código de Comercio,* Tomo III—1°, pág. 206.

reparación y conservación, los que indudablemente son preferentes, de acuerdo con el Art. 1822 del Código Civil, a los créditos por el precio de venta. Es evidente que el Código de Comercio ha dejado al Código Civil la regulación de la concurrencia y prelación de créditos.

El temor que señala la recurrente de que el que compre los géneros al comprador que no ha pagado su precio corre el riesgo de perderlos si se aplica el Art. 1822 del Código Civil, es infundado pues conforme al inciso 1 de dicho Artículo, para que gocen de preferencia los créditos por el precio de venta los bienes muebles deben estar en poder del deudor. Si no lo están porque han sido vendidos a otras personas, dejan de gozar de preferencia sobre dichos bienes, los créditos por el precio de venta. Es decir, el derecho de reivindicación de los susodichos bienes lo da el Código Civil al vendedor, mediante la preferencia de créditos, contra el deudor cuando los bienes están en su poder, mas no cuando han pasado legítimamente a poder de terceras personas. Ya hemos resuelto en *Benítez* v. *Borinquen Trading Corporation*, 33 D.P.R. 495 (1924), que el vendedor de bienes muebles no tiene derecho a embargar, invocando la preferencia a que se refiere el Art. 1822 del Código Civil, los bienes vendidos cuando a su vez el comprador los vendió a otra persona y ésta los tiene en su poder aun asumiendo que no hubiera pagado su precio totalmente.

El cuarto error, señalado por la recurrente carece de méritos. La sentencia dictada por el Tribunal Superior ordenando la entrega de los bienes embargados a la interventora, o en su defecto el pago del valor de los mismos es correcta.

*Por los motivos expuestos se confirmará dicha sentencia.*