EUGENIO CORNIER SALLS y HÉCTOR M. MARTÍNEZ COLÓN, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JAIME FRANK PAGANACCI, JUEZ, demandado; ADMINISTRACIÓN DE TERRENOS, interventora.

*Número:* O-68-32      *Resuelto:* 19 de junio de 1968

Eugenio Cornier Salls y Héctor M. Martínez Colón, *pro se; José C. Ramos Vázquez* y *Raúl E. Casasnovas Balado,* abogados de la interventora.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Dávila.

PER CURIAM: La Administración de Terrenos de Puerto Rico inició una acción en cobro de la suma de $41,344.61 contra Francisco Salort Ramos y su esposa Esperanza Márquez.([1]) Para asegurar la efectividad de la sentencia obtuvo

---

([1]) Los hechos que dieron margen a esta reclamación se originaron en un procedimiento de expropiación forzosa presentado por la Administración de Terrenos contra los esposos Salort-Márquez. Dentro de dicha acción los cónyuges demandados obtuvieron el retiro de la suma consignada

una orden en 3 de noviembre de 1967 dirigida al Secretario del Tribunal Superior, Sala de Ponce, para que dicho funcionario "retenga y conserve el producto total, incluyendo intereses, costas, gastos y honorarios de abogado, de la sentencia del caso de Francisco Salort Ramos v. The Shell Co. Puerto Rico Limited, Civil Núm. 65-1591, hasta la terminación del presente litigio." Expedido el correspondiente mandamiento se diligenció mediante entrega de copia del mismo a la Secretaria.

Un mes después, los abogados Eugenio Cornier Salls y Héctor Martínez Colón se personaron en el pleito incoado por la Administración de Terrenos en solicitud de que se modificara la orden de embargo en cuanto a la suma de $3,273.48 aduciendo para ello que representaban a Salort en el caso 65-1591, "a base de un cincuenta por ciento (50%) de lo que se obtuviese en el caso",[2] y eran, por tanto, acreedores preferentes.

---

manifestando que el inmueble expropiado estaba libre de cargas y gravámenes, salvo los mencionados en la demanda. Posteriormente se determinó la existencia de otros acreedores y como consecuencia de ello se ordenó el reintegro por los demandados de la suma de $41,344.61 que había sido indebidamente retirada. Estos se negaron a reintegrar la suma indicada pretextando que habían dispuesto de los fondos retirados. La Administración, para poder inscribir su título libre de cargas y gravámenes, se vio obligada a consignar $41,344.61, en adición a lo consignado originalmente.

[2] El contrato de servicios profesionales de fecha 18 de mayo de 1965, lee en lo pertinente:

"PRIMERO: Que don Francisco Salort por la presente contrata los servicios profesionales del Lcdo. Eugenio Cornier Salls, para que lo represente en la reclamación de INCUMPLIMIENTO DE CONTRATO, DAÑOS Y PERJUICIOS Y OTROS EXTREMOS, en contra de THE SHELL CO. OF PUERTO RICO (LTD.) que el Sr. Salort interesa presentar.

"SEGUNDO: Que don Francisco Salort se obliga a no contratar los servicios de ningún otro abogado o persona para efectuar dicha reclamación y a no realizar transacción de clase alguna sobre la misma sin la autorización por escrito por el Lcdo. Eugenio Cornier Salls.

"TERCERO: Que en pago de los servicios el Lcdo. Eugenio Cornier Salls recibirá un CINCUENTA POR CIENTO (50%) de la cantidad total que reciba el demandante como compensación por los daños sufridos, debido a ciertas deudas y compromisos contraídos con el Lcdo. Cornier."

El tribunal de instancia denegó la solicitud de los abogados peticionarios fundándose en que (a) los créditos por servicios profesionales no gozan de preferencia conforme a los Arts. 1821 a 1825 del Código Civil, 31 L.P.R.A. secs. 5191 a 5195, y, (b) el contrato transcrito no tiene el alcance de una cesión del producto de la sentencia. Expedimos auto de *certiorari* para revisar esta resolución.

1. El crédito por servicios profesionales prestados. por un abogado no goza de preferencia conforme al Art. 1825 del Código Civil, 31 L.P.R.A. sec. 5195, y como tal está sujeto a los vaivenes del patrimonio del deudor. Aparentemente, advertidos de esta realidad, los peticionarios en su alegato pretenden reclamar la existencia de un gravamen. (*attorney's lien*) sobre el producto de la sentencia obtenida en el pleito en que se llevó a cabo la actividad profesional. *A. Méndez y Hno.* v. *Chavier*, 39 D.P.R. 731 (1929), es. contrario a las pretensiones de los recurrentes. Este gravamen, originado en el derecho consuetudinario inglés, se reconoce en varias jurisdicciones estatales pero para ello se han aprobado los estatutos necesarios. Anotación, *Statute relating to attorney's lien as affecting common law or equitable lien*, 120 A.L.R. 1243 (1939); 7 Am.Jur.2d, *Attorneys at Law*, § 281 *et seq.* Véase además, *Pueblo* v. *Sierra*, 26 D.P.R. 336 (1918), sobre el derecho de retención de los. documentos y papeles del cliente.(³) En Puerto Rico no existe disposición estatutaria alguna sobre el particular.

2. Considerados los términos del acuerdo suscrito por Salort y los peticionarios no puede el documento tener más.

---

(³) Para gravámenes reconocidos por la legislación, véanse, (1) Ley Núm. 73 de 4 de mayo de 1931, 29 L.P.R.A. sec. 186 (salario en obras de construcción); (2) Arts. 1764 y 1765 del Código Civil, 31 L.P.R.A. secs. 5023 y 5024 (prenda); (3) Art. 1492 del Código Civil, 31 L.P.R.A. sec. 4133 (obra en cosa mueble); (4) Ley Núm. 85 de 23 de junio de 1956, 10 L.P.R.A. sec. 718 (hostelero); (5) Ley Núm. 9 de 21 de febrero de 1918, 10 L.P.R.A. secs. 417–421 (almacenes de depósito); (6) Art. 293 del Código de Comercio, 10 L.P.R.A. sec. 1797 (transporte).

alcance que el de uno de fijación de honorarios. (⁴) Pero aun cuando pudiéramos darle el efecto de una cesión de crédito, por constar en documento privado no hace fe a los fines de cualquier prelación en cuanto a la Administración de Terrenos, conforme a las prescripciones del Art. 1181 del Código Civil, 31 L.P.R.A. sec. 3282.

*Se confirmará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 9 de enero de 1968.*

---

(⁴) No es necesario que resolvamos sobre la validez del contrato aquí envuelto que contiene una cláusula que impide al cliente transigir sin el consentimiento de su abogado. Véase, *Franqui* v. *Fuertes,* 44 D.P.R. 712 (1933).