VíCTOR SÁNCHEZ ACEVEDO y OTROS, demandantes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados, y LIC. MARÍA SANTANA DE CUEVAS, peticionaria.

*Número:* CE-87-420     *Resuelto:* 8 de febrero de 1990

*Jorge Vélez Nieves*, abogado de la peticionaria; *Ángel L. Cintrón Carrasquillo*, abogado de *Juan A. Hernández Rivera*, recurrido, y este último, a su vez, abogado de los demandantes.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Los incidentes que originan la controversia ante nos tienen su génesis en una disputa entre el Lic. Juan A. Hernández Rivera y la Lic. María Santana de Cuevas, relacionada con los honorarios de abogado generados en casos donde la licenciada Santana de Cuevas comparecía como abogada de récord y el licenciado Hernández Rivera reclamaba que le correspondían tales honorarios.[1]

I

*Los hechos*

El 8 de noviembre de 1983 el Sr. Víctor Sánchez Acevedo, representado por la Lic. María Santana de Cuevas, presentó en el Tribunal Superior, Sala de Ponce, demanda para reclamar trescientos mil dólares ($300,000) en daños y perjuicios por impericia médica.[2] Luego de una serie de trámites procesales, la licenciada Santana de Cuevas presentó una moción al amparo de la Regla 22 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en la cual informó al tribunal que el demandante había fallecido el 6 de enero de 1984 y solicitó la sustitución por su sucesión compuesta por los hijos y la viuda. El 31 de enero de ese mismo año el tribunal aceptó la sustitución.

Luego de extensa actividad procesal, el 26 de marzo de 1986 la licenciada Santana de Cuevas presentó moción para informar cambio de dirección. Con esta moción se inició la

---

[1] Debido al resultado al que hemos llegado, no es necesario dilucidar la controversia entre la licenciada Santana de Cuevas y el licenciado Hernández Rivera. De los documentos que obran en el expediente original del caso surge que este es sólo uno de múltiples incidentes de naturaleza análoga planteados en diferentes casos que se están litigando en los tribunales de instancia.

[2] Demandó al Hospital Doctor Pila y su compañía aseguradora John Doe Insurance Co., al Estado Libre Asociado de Puerto Rico y su compañía aseguradora Fulano de Tal, al Fondo del Seguro del Estado y su compañía aseguradora Richard Doe Insurance Co., al doctor cirujano X y su compañía aseguradora Y Insurance Company, y al doctor anestesiólogo Z y su compañía aseguradora K Insurance Co.

polémica que desembocó en la resolución que hoy se encuentra ante nuestra consideración.

En una acción poco usual, mediante moción, el licenciado Hernández Rivera, representado por el Lic. Agustín Mangual Hernández, compareció e informó al tribunal que hasta fines de marzo de 1986 la licenciada Santana de Cuevas se desempeñó como su empleada y que ésta, entre otras responsabilidades, tuvo a su cargo el trámite del caso de la sucesión del Sr. Víctor Sánchez Acevedo, en el cual él pactó honorarios contingentes con el causante. Expresó, además, que sin su consentimiento la licenciada Santana de Cuevas se llevó todos los documentos importantes del expediente del caso y rehusó devolverlos. En consideración a estos hechos, solicitó: (1) la paralización de toda gestión en el caso instado por la licenciada Santana de Cuevas; (2) la celebración de una vista mediante la cual se ordenase a la licenciada traer consigo los documentos antes mencionados, y (3) que se ordenase la devolución de estos documentos al licenciado Hernández Rivera.

En contestación a esta moción, la licenciada Santana de Cuevas compareció a nombre de la parte demandante y alegó lo siguiente:

1. Son falsas las alegaciones hechas en el párrafo 1 y 2 de dicha moción. Se acompaña declaración jurada de la abogada suscribiente sobre ese particular y se solicita se marque como Exhibit 1 de la demandante.

2. La abogada suscribiente no tiene documento alguno en el presente caso pues el expediente completo del mismo lo tiene precisamente el Lic. Juan A. Hernández Rivera.

3. Ya que la parte demandante le ha manifestado al distinguido compañero abogado Lic. Juan A. Hernández Rivera que interesa que sea [él] quien le represente, esta abogada solicita ser relevada de la representación legal en el mismo.

4. El abogado que suscribe dicha moción quien es conocedor de la ley debe cesar inmediatamente de radicar este tipo de moción en los casos que representa esta abogada ante el

Tribunal General de Justicia pues al menos debió requerir un mínimo de prueba para sustentar sus alegaciones.

5. Entendemos con todo el respeto que desacuerdos entre profesionales no deben traerse frívolamente a consumir el tiempo limitado del Honorable tribunal y retrasar indebidamente los casos de las partes. *Exhibit* 15, pág. 43.

De acuerdo con las citadas alegaciones, la licenciada Santana de Cuevas solicitó la desestimación de la moción presentada por el licenciado Mangual Hernández, que se le permitiese renunciar a la representación legal en el caso y que el licenciado Hernández Rivera la asumiera.

Así las cosas, el tribunal citó a todos los abogados a una comparecencia especial para discutir el asunto. Antes de la celebración de la vista, la licenciada Santana de Cuevas presentó una moción en la que retiraba su anterior solicitud de renuncia de representación legal. Indicó que todos los miembros de la Sucesión de Víctor Sánchez Acevedo se comunicaron con ella y le solicitaron que continuase con el caso.

Luego de celebrada la vista y de haberse presentado varias mociones relacionadas con este asunto, el 29 de enero de 1987 el tribunal emitió una resolución mediante la cual admitió nuevamente a la licenciada Santana de Cuevas como representante legal de la parte demandante y ordenó que se continuase notificando al licenciado Hernández Rivera de los trámites habidos en el caso. También dispuso que, de tener la parte demandante éxito en la reclamación, la mitad de los honorarios contingentes que finalmente fueran devengados se entregasen al licenciado Hernández Rivera y que se le pagase la totalidad de los gastos incurridos por él en la tramitación del pleito.

La licenciada Santana de Cuevas solicitó reconsideración, la cual fue denegada. Diez (10) días después de haber sido notificados de esta resolución, la parte demandante y la licenciada Santana de Cuevas presentaron una moción conjunta donde expresaron que la parte demandante deseaba

dar por terminado el contrato de representación legal, ya que deseaba contratar otro abogado. Esta moción no se le notificó al licenciado Hernández Rivera. El 27 de marzo de 1987 el tribunal aceptó la renuncia y el 22 de mayo, motu propio, dejó sin efecto la aceptación.(8)

En su Resolución de 22 de mayo de 1987 el tribunal expresó que a los demandantes les iba a ser "sumamente difícil conseguir un abogado que los represente teniendo que compartir los honorarios" (*Exhibit* III, pág. 11) con el licenciado Hernández Rivera y que, por otro lado, sería injusto que éste se quedara sin recibir los gastos en que incurrió y los honorarios de abogado, cuando fue a su bufete al que llegó el caso. También reconoció que todo este incidente había causado tardanzas innecesarias que dilataron así la adjudicación de la reclamación de los demandantes.

Finalmente, el tribunal condicionó la renuncia de la licenciada Santana de Cuevas a que:

(1) [L]os demandantes regresen a ser representados por el Lcdo. Juan Hernández Rivera;
(2) sean representados por abogados que acepten cumplir con la orden del Tribunal del 29 de enero de 1987. *Exhibit* III, pág. 11.

Inconforme con esta resolución, la licenciada Santana de Cuevas presentó ante este Tribunal recurso de *certiorari* mediante el que planteó la comisión de dos (2) errores:

(1) Erró el tribunal de instancia al no permitirle a los demandantes que escojan libremente su representación legal.
(2) Erró el tribunal de instancia al imponer a la representación legal de la parte demandante la obligación de entregar la mitad de los honorarios que devengue al Lic. Juan A. Hernández Rivera.

---

(8) La moción de renuncia fue resuelta por otro juez por estar la juez a cargo del caso relevada de Sala.

Decidimos revisar y expedimos el auto para indicar específicamente que el tribunal debería continuar los procedimientos.(4)

## II

*Principios generales sobre derecho a representación profesional y los honorarios de abogado*

En *In re Vélez*, 103 D.P.R. 590, 599 (1975), reconocimos "la libertad de selección que tiene todo ciudadano de encomendar a un abogado una gestión profesional, y de estimarlo conveniente, retirarle la misma". En relación con el derecho del cliente a retirar la representación profesional, expresamos que *"la protección y búsqueda de la justicia no puede estar sujeta ni detenerse por el fundamento de no haberse satisfecho los honorarios pactados".* (Énfasis suplido.) Íd.

De otra parte, en *Cornier v. Tribunal Superior*, 96 D.P.R. 253, 255 (1968), indicamos que "[e]l crédito por servicios profesionales prestados por un abogado no goza de preferencia conforme al Art. 1825 del Código Civil, 31 L.P.R.A. sec. 5195, y como tal está sujeto a los vaivenes del patrimonio del deudor".

En cuanto a los honorarios de abogado que se conceden en un caso, éstos son distintos a los pactados entre el abogado y su cliente y sólo proceden cuando una parte ha

---

(4) A pesar de esta advertencia, el caso quedó prácticamente inactivo hasta el 6 de junio de 1989, cuando el tribunal de instancia emitió una orden para que este Tribunal devolviera "los documentos del caso no relacionados con el incidente . . .". Orden Interna.

El 13 de octubre de 1989 el tribunal a quo celebró una vista en la cual, luego de hacer un breve resumen de los últimos incidentes relacionados con este asunto, concluyó que nuestra Resolución de 31 de julio de 1989, que ordenaba la devolución de los documentos, llevaba implícita una orden para que la licenciada Santana de Cuevas continuara representando a la parte demandante y procedió a señalar la vista del caso en su fondo.

incurrido en temeridad. Regla 44.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Su concesión no es compulsoria y no pertenecen al abogado. Los honorarios por temeridad no se conceden para compensar al abogado por la labor realizada. Su cuantificación está relacionada con "'[(1)] el grado de temeridad que ha existido[; (2)] la naturaleza del procedimiento[; (3)] los esfuerzos y actividad profesional que haya tenido que desplegarse[; (4)] la habilidad y reputación de los abogados'". *Santos Bermúdez v. Texaco P.R., Inc.*, 123 D.P.R. 351 (1989). Véanse: *Hawayek v. A.F.F.*, 123 D.P.R. 526 (1989); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339 (1989); *Asociación de Condóminos v. Trelles Reyes*, 120 D.P.R. 574 (1988); *Lozada v. Antonio Roig, Sucrs.*, 73 D.P.R. 266, 270 (1952); J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1979, Cap. VII, págs. 242–248.

■ De otra parte, los honorarios de abogado pactados se rigen por el Canon 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y constituyen un contrato de arrendamiento de servicios entre el abogado y su cliente. Su cumplimiento puede ser exigido ante los tribunales en acción independiente del caso que les dio origen. Art. 1473 del Código Civil, 31 L.P.R.A. sec. 4111.

■ En *Ramírez, Segal & Látimer v. Rojo Rigual*, 123 D.P.R. 161 (1989), reiteramos que el pacto de honorarios contingentes no está reñido con la ética profesional. También indicamos que bajo circunstancias apropiadas, cuando en un mismo caso intervienen dos (2) o más abogados, el tribunal, al determinar a quién pertenecen o cómo se dividirán los honorarios contigentes, podrá tomar en consideración el valor de la labor realizada por cada uno de los abogados.

## III

*Aplicación de las normas de derecho a los hechos*

■ En el caso de autos el licenciado Hernández Rivera, quien no era parte y ni siquiera abogado de récord en el caso, introdujo en el mismo una controversia ajena a la planteada entre las partes. Pretendió resolver dentro del caso su disputa con la licenciada Santana de Cuevas sobre los supuestos gastos en que incurrió en la tramitación del mismo y los honorarios contingentes pactados con el causante de la parte demandante. Estas controversias, que nada tenían que ver con la reclamación de la parte demandante, no podían dilucidarse dentro de este pleito sino que tenían que ser objeto de una acción independiente.[5] Al considerarlas, el tribunal violentó el mandato de garantizarle a las partes "una solución justa, rápida y económica" de la controversia. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los honorarios reclamados no eran los de temeridad que establece la citada Regla 44.1(d) de Procedimiento Civil. Erró, por lo tanto, el tribunal de instancia al pretender resolver la controversia entre el licenciado Hernández Rivera y la licenciada Santana de Cuevas como un incidente más dentro de la reclamación de daños y perjuicios de la Sucesión de Víctor Sánchez Acevedo.

En su Resolución de 22 de mayo de 1989, el tribunal condicionó la aceptación de la renuncia de representación legal de la licenciada Santana de Cuevas a que la parte demandante regresara a ser representada por el licenciado Hernández Rivera o a que los abogados que escogiera la parte

---

[5] De la petición de *certiorari* de la licenciada Santana de Cuevas surge que las disputas relacionadas con los honorarios de abogados pactados y gastos en los que se incurrió en casos en que la licenciada Santana de Cuevas era abogada de récord y que el licenciado Hernández Rivera reclama le pertenecen a su bufete, están siendo dilucidadas en una acción independiente presentada en el Tribunal Superior, Sala de Bayamón.

demandante aceptaran cumplir con la orden del tribunal de 29 de enero de 1987, que requería se entregara al licenciado Hernández Rivera el cincuenta (50) por ciento de los honorarios contingentes que finalmente se devengaran, más los gastos en que incurrió éste en la tramitación del caso.(6) Esta limitación al derecho de la parte demandante a escoger libremente al abogado a quien desea encomendarle la gestiones de su caso estuvo totalmente injustificada. Este derecho no puede estar supeditado a la resolución de una controversia ajena a la reclamación de la parte demandante. Por lo tanto, erró el tribunal al imponerle estas condiciones a la aceptación de la renuncia de representación legal de la licenciada Santana de Cuevas.

Por todo lo antes expuesto, *se dictará sentencia mediante la cual se revoca la Resolución de 22 de mayo de 1987 y se devuelve el caso al tribunal de instancia para que, de aún interesarlo la parte demandante (el cliente), se acepte la renuncia de representación profesional de la licenciada Santana de Cuevas, y se conceda a la parte demandante un término razonable para obtener nueva representación legal sin que ésta esté sujeta a las condiciones expuestas en la orden del tribunal de instancia de 29 de enero de 1987.(7) Los procedimientos continuarán de forma compatible con esta opinión.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López se inhibió.

---

(6) Esta resolución, por ser una determinación de naturaleza interlocutoria, no puede ser calificada de final y firme según arguye el recurrido en su alegato.

(7) La posible controversia sobre honorarios de abogado entre el cliente y los distintos abogados que lo representen no es un incidente que deba resolverse en este caso. Por su parte, los abogados podrán, de estimarlo necesario, utilizar los procedimientos apropiados para lograr el pago de los honorarios que finalmente les correspondan.