Rodríguez Muñiz, Juez Ponente
*658 TEXTO COMPLETO DE LA SENTENCIA
El Lcdo. José R. López de Victoria Brás (Ledo. López de Victoria) nos solicita la revocación de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), mediante la cual se le descalificó como abogado de la parte demandada en el caso de epígrafe, ya que existía un potencial o aparente conflicto de interés.
I
Los hechos pertinentes al caso que nos ocupa serán expuestos a continuación.
El 23 de julio de 2004, Elisa Virgen Cabán Cabán (Sra. Cabán) presentó demanda sobre inventario, avalúo y liquidación de herencia en contra de Aida Esther Muñiz Aponte (Sra. Muñiz). Alegó que era la heredera universal de los bienes de su padre el Sr. Francisco Cabán Rivera y que su viuda, la Sra. Muñiz, tenía posesión y control de éstos. Entre los bienes del causante se encontraba una finca radicada en el Barrio Anones en el Municipio de Las Marías en la que enclava un establecimiento comercial, una residencia de dos (2) plantas y otras residencias adicionales.
El 14 de octubre de 2004, el Ledo. López de Victoria presentó moción en la que asumía la representación legal de la Sra. Muñiz.
El 13 de diciembre de 2004, la Sra. Muñiz, representada por su abogado, presentó su contestación a la demanda y a su vez reconvencionó contra la Sra. Cabán por daños.
Luego de varios incidentes procesales interlocutorios, el 29 de septiembre de 2006, la Sucesión de Pedro Muñiz Vázquez (Sucesión Muñiz Vázquez), padre de la Sra. Muñiz, presentó “Comparecencia Especial y Moción de Intervención”. Mediante ésta, solicitaron la intervención en el pleito en reclamo de sus derechos hereditarios.
En esa misma fecha, 29 de septiembre de 2006, la Sucesión Muñiz Vázquez) presentó “Demanda y Solicitud de Sentencia DeclaratoriaAlegaron ser los herederos de un solar, en donde enclavaba una residencia de dos (2) plantas, que era parte de la finca que la Sra. Cabán reclamaba como herencia. Sostuvieron que su padre pagó por dicho terreno, pero la condición de salud del Sr. Francisco Cabán Rivera impidió que las partes firmaran los documentos de segregación. Los miembros de la Sucesión Muñiz Vázquez firmaron un documento autorizando al Ledo. López de Victoria para que asumiera su representación legal.
*659 El 5 de octubre de 2006, la Sra. Cabán,presentó Moción Solicitando Orden. En lo aquí pertinente, señaló que el Ledo. López de Victoria había comparecido el 14 de octubre de 2004 ante el TPI asumiendo la representación legal de la Sra. Muñiz a sabiendas de que estaba suspendido por el Tribunal Supremo de Puerto Rico para ejercer la profesión de abogado desde el 22 de septiembre de 2004 hasta el 17 de diciembre de 2004. De otra parte, la Sra. Cabán sostuvo que existía un conflicto de intereses que impedía que el Ledo. López de Victoria representara a la Sra. Muñiz y a la Sucesión Muñoz Vázquez en este caso.
El 6 de diciembre de 2006, el Ledo. López de Victoria presentó moción en la que planteó que la recusación presentada por la parte demandante no expresaba ningún motivo o justificación para ello.
El 13 de diciembre de 2006, notificada'el 11 de enero de 2007, el TPI emitió Resolución en la que resolvió lo siguiente:

“En cuanto a la moción sobre descalificación presentada por la parte demandante, este Tribunal entiende que existe un potencial conflicto de intereses entre la demandada y los que ahora pretende representar mediante la moción de intervención, por lo que se descalifica al licenciado López de Victoria Brás como abogado en el presente caso, ya que existe un potencial o aparente conflicto de interés. Conforme la Regla 32 B de las Reglas para la Administración del Tribunal de Primera Instancia, se acoge la minuta como Resolución.

En cuanto al aspecto discutido sobre la comparecencia, por escrito, del licenciado López de Victoria Brás en el presente caso, estando suspendido por el Tribunal Supremo, se emitirá Resolución, a parte, (sic) para referirlo al Tribunal Supremo para la acción que estime pertinente. Se incluirá copia de las mociones que fueron presentadas dentro del término que existía tal condición. ”

Inconforme con la determinación del TPI, el 12 de febrero de 2007, el Ledo. López de Victoria presentó recurso de certiorari en el que señaló la comisión de los siguientes errores:

“Erró el Tribunal de Instancia al no reconocer que los Interventores nunca aceptados al momento por el Tribunal tienen un derecho de partición como codueños de un predio de terreno, incluyendo la parte demandada original

Erró el Tribunal de Instancia al determinar no sólo la procedencia de una recusación para dejar sin representación legal a la Demandada e Interventores para proteger sus derechos y tío sólo someter a su Abogado a una Recusación sino (sic) a una Queja improcedente.”

n
El Canon 21 de Ética Profesional, 4 L.P.R.A. Ap. IV, C. 21, en lo pertinente, establece que:

“El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales. ”

No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.
En el caso Otaño v. Vélez, 141 D.P.R. 820, 825-826 (1996), el Tribunal Supremo reiteró que la obligación de lealtad al representar a un cliente, según recogida en el Canon 21, incluye: “(1) ejercer un criterio profesional independiente y desligado de sus propios intereses, y (2) no divulgar los secretos y las confidencias que el cliente *660 haya compartido durante el transcurso de sus representaciones pasadas y presentes En consideración a lo anterior, jurisprudencialmente se han reconocido tres (3) situaciones que deberán ser evitadas por todo abogado, estas son:
“[Q]u& en beneficio de un cliente se abogue por aquello a lo que el letrado debe oponerse en cumplimiento de sus obligaciones para con otro cliente; que- un abogado acepte la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de un cliente anterior; y que un abogado acepte una representación legal, o que continúe en ella, cuando su juicio pueda ser afectado por sus intereses personales. In re: Ortiz Martínez, 161 D.P.R._, 2004 J.T.S. 69, a la pág. 956, Opinión de 6 de abril de 2004.
Así pues, de una parte se prohíbe aceptar la representación de un cliente cuyos intereses estén reñidos con los del abogado y de otra se prohíbe aceptar la representación de un cliente en asuntos que puedan afectar cualquier interés de otro cliente con el propósito de garantizarle a todo representado “que las confidencias y los secretos que compartió con su abogado no serán utilizados en su contra, en beneficio de una representación antagónica de un cliente simultáneo o posterior". Otaño v. Vélez, supra, a la página 826; P.R. Fuels, Inc. v. Empire Gas Co., Inc., 133 D.P.R. 112, 118-119 (1993). En cuanto resulte adversa la representación simultánea de dos clientes, nuestro más alto foro ha previsto que: "no cabe duda que el único remedio disponible para el abogado es renunciar a ambas representaciones y no sólo a una". Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R. 850, 859-860 (1995).
La descalificación de un abogado de un proceso judicial no constituye de por sí una acción disciplinaria, sino más bien una medida preventiva para evitar posibles violaciones a los Cánones de Ética Profesional. Meléndez v. Caribbean Int'l. News, 151 D.P.R. 649, 660-661 (2000); Liquilux Gas Corp. v. Berríos, Zaragoza, supra, a la página 864. Esta medida responde al poder inherente del tribunal de tomar providencias dirigidas a supervisar y controlar la conducta de los abogados que postulan ante éste. Meléndez v. Caribbean Int'l. News, supra, a las páginas 660-661. De otra parte, también se ha reconocido la descalificación como un mecanismo para asegurar la adecuada marcha de un litigio, fundamentándose en el deber de todo tribunal de mantener el orden y el control de los procedimientos que se ventilan en ellos. Id., a la página 161.
En síntesis, los Tribunales pueden otorgar la descalificación de un abogado en una de dos situaciones: (1) como prevención de una violación de cualquiera de los Cánones de Ética Profesional; y (2) para prevenir actos disruptivos de los abogados durante el trámite de un pleito. Id., a la página 161.
Ante una descalificación motu proprio por parte del tribunal o a solicitud de parte, no es necesario aportar prueba sobre una violación ética para que la misma proceda. Así pues, en el caso Meléndez v. Caribbean Int'l. News, supra, a las páginas 661-662, nuestro Tribunal Supremo reiteró que ante cualquier duda sobre un posible conflicto de interés, podrá ser utilizada la “apariencia de impropiedad’’’ a favor de la descalificación.
Sin embargo, al evaluar una solicitud o moción de descalificación presentada por la parte adversa en el pleito, el tribunal deberá sopesar los intereses en conflicto. A tales efectos, el tribunal debe evaluar la totalidad de las circunstancias para valorar los siguientes criterios: (1) si el solicitante tiene legitimación activa para invocarla; (2) la gravedad del conflicto de intereses implicado; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el “expertise” de los abogados involucrados; (4) la etapa de los procedimientos en que surja la controversia sobre la descalificación y su posible efecto en cuanto a la resolución justa, rápida y económica del caso; y (5) el propósito detrás de la descalificación, es decir, si la moción de descalificación está siendo utilizada como mecanismo procesal para dilatar los procedimientos. Otaño v. Vélez, supra, a las páginas 827-828; Liquilux Gas Corp. v. Berríos, Zaragoza, supra, a las páginas 864-865.
Además,-junto a los factores esbozados, el tribunal debe sopesar el derecho que tiene todo ciudadano a escoger libremente el abogado que lo represente. Otaño v. Vélez, supra, a las páginas 827-828; Sánchez Acevedo *661 v. E.L.A., 125 D.P.R. 432, 438 (1990). Asimismo, es deber del tribunal velar porque el abogado objeto de la moción de descalificación tenga, al menos, la oportunidad de ser oído y pueda presentar prueba en su defensa.
Si bien el Tribunal debe realizar un análisis de la totalidad de las circunstancias sopesando dichos factores, la determinación que hace el Tribunal de Primera Instancia en estos casos es una decisión discrecional. Así pues, como un juez tiene la potestad de descalificar a un abogado si ello resulta necesario para lograr la solución justa, rápida y económica del pleito, del mismo modo puede denegar una solicitud de descalificación cuando entienda que ésta ha sido interpuesta como una táctica dilatoria del procedimiento. Meléndez v. Caribbean Int'l. News, supra, a la página 661. De cualquier modo, en estos casos, los foros apelativos intervendremos solamente cuando dicho tribunal haya incurrido en arbitrariedad o claro abuso de discreción. Id., a las páginas 664-665.
Según reconocido por nuestro más alto foro, el Canon 21 no tiene disposición alguna que vede la representación sucesiva o simultánea de dos (2) clientes por un mismo abogado ante la total ausencia de un posible conflicto de intereses entre ambas representaciones. Otaño v. Vélez, supra, a la página 827.
III
Como primer error, el Ledo. López de Victoria alegó que el TPI incidió al no reconocer que la parte interventora Sucesión Muñiz Vázquez tenía un derecho de partición como codueños del predio de terreno objeto de controversia en este caso.
Examinado el expediente, surge que el TPI aún no ha resuelto la solicitud de intervención que presentó la Sucesión Muñiz Vázquez el 29 de septiembre de 2006. Siendo ello así, resulta prematuro el error señalado e improcedente la discusión del mismo.
IV
En cuanto al segundo error, el Ledo. López de Victoria señaló que el TPI erró al descalificarlo como representante legal de la Sra. Muñiz y la Sucesión Muñiz compuesta por ella y sus hermanos y referir su caso al Tribunal Supremo para el procedimiento disciplinario correspondiente.
La parte demandante, la Sra. Cabán, presentó moción ante el TPI en la que señaló que el 14 de octubre de 2004, el Ledo. López de Victoria había asumido la representación legal de la Sra. Muñiz a pesar de que el Tribunal Supremo le había suspendido del ejercicio de la profesión desde el 22 septiembre de 2004 hasta el 17 de diciembre de 2004. También°señaló que el Licenciado debía ser relevado de representar a la Sra. Muñiz y a la Sucesión Muñoz en el pleito, pues existía un conflicto de intereses.
Por su parte, el Ledo. López de Victoria expuso que la parte demandante alegó hechos falsos en su solicitud de descalificación. Añadió que su objetivo era retrasar los procedimientos, pues no justificó el alegado conflicto de intereses.
Al momento de asumir la representación legal de la Sra. Muñiz el 14 de octubre de 2004, la suspensión del Ledo. López de Victoria por parte del Tribunal Supremo de Puerto Rico no había advenido final y firme, por lo que el Licenciado no estaba impedido de representar a ésta.
El TPI concluyó que en este caso existía “un potencial conflicto de intereses” entre la parte demandada, la Sra. Muñiz, y la parte interventora, la Sucesión Muñiz Vázquez.
Según dispone la normativa legal antes citada, al evaluar una solicitud o moción de descalificación presentada por la parte adversa en el pleito, el tribunal deberá sopesar los intereses en conflicto.
En el presente caso, la Sra. Cabán demandó a la Sra. Muñiz en reclamo de su participación hereditaria en los *662 bienes que dejó su padre al morir, entre ellos una finca. Por su parte,, la Sra. Muñiz y sus hermanos miembros de la Sucesión Muñiz Vázquez solicitaron la intervención en el caso, pues su padre, el Sr. Pedro Muñiz Vázquez, le había comprado al padre de la Sra. Cabán un predio de terreno que no fue segregado de la finca que ésta reclamaba como herencia. Tanto la Sra. Muñiz como la Sucesión consintieron para que el Ledo. López de Victoria los representara.
Conforme a los hechos, no encontramos razón alguna por la cual el Ledo. López de Victoria no pueda representar conjuntamente a la Sra. Muñiz y a la Sucesión Muñiz Vázquez. La Sra. Cabán ha planteado la existencia de un conflicto de intereses entre los representados por el Licenciado; sin embargo, no evidenció o justificó el alegado conflicto.
La Sra. Muñiz y la Sucesión Muñiz Vázquez tienen un interés en común en reclamar los bienes que formaban parte del caudal hereditario de su padre. No existe impedimento que descalifique a un abogado de representar a más de una persona en una misma causa de acción. Entendemos que este caso no presenta un conflicto de intereses, pues se trata de varias partes que se han unido en defensa de sus derechos hereditarios y sus alegaciones tampoco presentan posiciones encontradas. Ello así, no procedía la descalificación del Ledo. López de Victoria.
V
Por otra parte, el Ledo. López de Victoria señaló que el TPI incidió al referir su caso al Tribunal Supremo.
Sobre el particular, el TPI señaló que emitiría una Resolución para referir al Ledo. López de Victoria al Tribunal Supremo para la acción que dicho foro estimara pertinente.
De los documentos que obran en el expediente ante nuestra consideración, no surge que el TPI haya emitido tal resolución. Por ello, resulta prematuro considerar el planteamiento del Ledo. López de Victoria. Tampoco nos corresponde resolver, por ser de jurisdicción exclusiva del Tribunal Supremo, asuntos o referidos de naturaleza ética contra un abogado.
VI
Por los fundamentos antes expresados, expedimos el recurso solicitado y revocamos la resolución emitida por el TPI que descalificó al Ledo. López de Victoria de representar a la parte demandada en el caso de epígrafe. Se devuelve el caso al TPI para la continuación de los procedimientos.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2008 DTA 7
1. Dicha Sucesión estaba integrada por la Sra. Muñiz y sus hermanos Jorge, Elba L, Aurora, Luis Ángel, Adeliz y Nelson, todos de apellidos Muñiz Aponte.
2. De acuerdo al caso In re: López de Victoria Brás, 163 D.P.R._, 2004 JTS 185, resuelto el 22 de septiembre de 2004, el Licenciado fue suspendido del ejercicio de la profesión por un mes. Según el caso, la suspensión advino final y firme el 12 de noviembre de 2004. Posteriormente, en el caso In re: López de Victoria Brás, 163 D.P.R._, 2004 JTS 210, resuelto el 17 de diciembre de 2004, el Tribunal Supremo reinstaló en la profesión al Ledo. López de Victoria, pues había transcurrido el término de suspensión dispuesto.
El 16 de marzo de 2005, el Ledo-. López de Victoria fue suspendido nuevamente de la práctica de la abogacía por el Tribunal Supremo, In re: López de Victoria Brás, 163 D.P.R._, 2005 JTS 51. El Licenciado solicitó su reinstalación, a lo *663 que el Tribunal accedió mediante Resolución del 28 de septiembre de 2005 en la que autorizó la reinstalación inmediata de éste al ejercicio de la abogacía. In re: López de Victoria Brás, 163 D.P.R._, 2005 JTS 145.